EMIL H. KOSMAK, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The owner of premises on C. street in the city of New York, in which there was no public sewer, with the consent of the city constructed a private sewer or drain connecting with a sewer in O. street. Said premises were subsequently purchased for the Brooklyn Bridge; the owner of premises occupied by plaintiff as tenant, by permission of the city, for which a license fee was paid, connected his premises with said drain, and thereafter they were at various times flooded with water from the drain. In an action to recover damages, *held*, that the character of the drain as a private one was not changed by the transfer to the city, but it took the same rights its grantor had ; that it was not bound to remove any obstruction in the drain for the benefit of plaintiff or to stop using it on notice that plaintiff's premises were flooded ; that plaintiff under the permit was a mere licensee, and it was for him to take necessary measures to protect his own premises; therefore, that the action was not maintainable.

Plaintiff offered to show that after the trustees of the bridge acquired title, water from the bridge was turned into the drain; this was objected to and excluded. *Held*, no error; that the city was not limited in the use of the drain to the water and sewerage discharged into it from the premises so purchased.

Reported below, 53 Hun, 329.

(Argued October 24, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 20, 1889, which affirmed a judgment in favor of defendant, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The complaint in this action set up two causes of action. In the first it was alleged that plaintiff was the lessee of premises known as Nos. 13 and 15 Chatham street, in the city of

New York; that defendant, on or about the 1st of February, 1882, committed a nuisance upon the aforesaid premises by causing the refuse and contents of the sewer situated on Frankfort street, in said city, to be emptied thereon, and, notwithstanding due and proper notice thereof was given to the proper officers of the defendant, continued to maintain the same from February, 1882, to October, 1883, whereby the plaintiff was damaged.

The second cause of action alleged was that defendant so negligently and carelessly managed the sewer laid in Frankfort street and Chatham street, that the refuse and contents of said sewers flowed in and upon the premises of the plaintiff.

Upon the trial it was proven that plaintiff occupied the premises known as No. 15 Chatham street during the periods mentioned in the complaint; that a public sewer had been constructed in Frankfort street that on the 13th of October, 1857, upon the application of a Mrs. Ottendorfer, the owner of house No. 17 Chatham street, a permit was issued to her to construct a private drain from said house through Chatham street, to connect with the sewer in Frankfort street; that said drain passed the premises of the plaintiff. In October, 1880, a permit was issued on behalf of the then owner of the plaintiff's premises to open the street for the purpose of making a connection with said private drain; for this permit a license fee of $10 was paid. At the time of applying for permission there was no public sewer in Chatham street at that point. In February, 1882, and on several occasions thereafter, sewer refuse ran into the plaintiff's premises through the connection which had been made with the drain, and his property was injured. On the 26th of February, 1883, and at various times thereafter, the plaintiff gave notice that his premises were flooded from the sewer. The premises No. 17 Chatham street, to which this drain was an appurtenance, had been conveyed by the owner thereof to the trustees of the Brooklyn bridge. Plaintiff offered to show that said trustees had carried into this sewer the water from the bridge, and that this

was one of the causes of the overflow; claiming that as the bridge trustees were the joint agents of the two cities of Brooklyn and New York, and that as they held this property in trust for the benefit of the two cities, and as the two cities were responsible for the wrongs which these bridge trustees committed in the administration of their trust, that, therefore, in this action the plaintiff had a right to recover the damages thereby sustained. This was objected to and excluded.

*David Leventritt* for appellant. The excluded testimony should have been admitted to show that the city had adopted the Chatham street or Ottendorfer sewer as a public sewer, or had taken such possession and control, and made such use of it as to be responsible for its condition to the same extent as for the condition of a public sewer. (*Nims* v. *City of Troy*, 59 N. Y. 500; *Emery* v. *Lowell*, 104 Mass. 13; *Indianapolis* v. *Lawler*, 38 Ind. 348; *Kranz* v. *Mayor, etc.*, 64 Md. 491; 2 Cent. Rep. 629; *Fort Wayne* v. *Coombs*, 107 Ind. 75; *Taylor* v. *City of Austin*, 32 Minn. 247; *Sellick* v. *Hall*, 47 Conn. 260; *Niven* v. *City of Rochester*, 76 N. Y. 619; *Wendell* v. *Mayor, etc.*, 4 Abb. Ct. App. Dec. 563; *Masterson* v. *Vil. of Mt. Vernon*, 58 N. Y. 391; *Sewell* v. *City of Cohoes*, 75 id. 45; *Wasner* v. *D., L. & W. R. R. Co.*, 80 id. 212; *Dukes* v. *E. D. Co.*, 51 Hun, 605; *People ex rel.* v. *Kelly*, 76 N. Y. 475; *Walsh* v. *Mayor, etc.*, 96 id. 427; 107 id. 220.) The excluded testimony should have been admitted to show that the defendant had changed the character of property and erected large structures with gutters and sewers so as to turn additional surface water upon plaintiff's property, thereby overtaxing the pre-existing drains, which theretofore had been adequate. (*Perry* v. *City of Worcester*, 6 Gray, 544; *Damour* v. *Lyons*, 44 Iowa, 276; *Byrnes* v. *City of Cohoes*, 67 N. Y. 204; *Seifert* v. *Brooklyn*, 15 Abb. N. C. 97; 101 N. Y. 136; 2 Cent. Rep. 135; 54 Am. Rep. 644; *McCarthy* v. *City of Syracuse*, 46 N. Y. 194; *Jutte* v. *Hughes*, 67 id. 276; *Reed* v. *State*, 107 id. 407, 412; *Ballou* v. *State*, 111 id. 496, 501.) The excluded testimony was admissible for the purpose

of showing that defendant city was the owner of the Otten-dorfer premises and of the Chatham street sewer; had taken and continued in possession thereof, and that defendant over-taxed and flooded said sewer, thereby causing the damage complained of.   (6 Am. and Eng. Ency. of Law, Title Drains, 19; *Richardson* v. *Kier*, 34 Cal. 63; *Marshall* v. *Cohen*, 44 Ga. 489; *Jutte* v. *Hughes*, 67 N. Y. 267; *Byrnes* v. *Cohoes*, Id. 206; *Noonan* v. *City of Albany*, 79 id. 476; *Barkley* v. *Wilcox*, 86 id. 140; *Haskell* v. *New Bedford*, 108 Mass. 208; *Sleight* v. *Kingston*, 11 Hun, 595; 35 Am. Rep. 431; 37 id. 150, 763; 54 id. 664; *Van Rensselaer* v. *Albany*, 15 Abb. N. C. 457; *Seifert* v. *Brooklyn*, Id. 97; *Scomber* v. *City of Rochester*, Id. 57; *R. W. L. Co.* v. *Rochester*, 3 N. Y. 463; 101 id. 136; 2 Cent. Rep. 135; *Hooker* v. *Rochester*, 37 Hun, 181; *Perry* v. *City of Worcester*, 6 Gray, 544; *Underwood* v. *Waldron*, 33 Mich. 232; *Martin* v. *Simpson*, 6 Allen, 102; *Fay* v. *Pren-tice*, 1 C. B. 828; *Gould* v. *McKenna*, 86 Penn. St. 297; *Simond* v. *Pollard*, 53 Vt. 343; *Bellows* v. *Sackett*, 15 Barb. 96; *Garraty* v. *Duffy*, 7 R. I. 476; *Tanner* v. *Valentine*, 75 Ill. 624; *Sevestre* v. *Mayor, etc.*, 15 J. & S. 341; *Sewell* v. *City of Cohoes*, 75 N. Y. 45; *Niven* v. *City of Rochester*, 76 id. 619; *City of Crawfordsville* v. *Bond*, 96 Ind. 236.) The ownership of the premises and their appurtenances car-ried with it the liability for all consequences resulting from the negligent management thereof. (*Walsh* v. *Mayor, etc.*, 107 N. Y. 220; *Perry* v. *City of Worcester*, 6 Gray, 544; *Jutte* v. *Hughes*, 67 N. Y. 267; 6 Am. and Eng. Ency. of Law, Title Drains, 19; *Richardson* v. *Kier*, 34 Cal. 63; *Marshall* v. *Cohen*, 44 Ga. 324; *Bellows* v. *Sackett*, 15 Barb. 96; *Under-wood* v. *Waldron*, 33 Mich. 232; *Martin* v. *Simpson*, 6 Allen, 102; *Fay* v. *Prentice*, 1 C. B. 828; *Gould* v. *McKenna*, 86 Penn. St. 297; *Simond* v. *Pollard*, 53 Vt. 343; *Garraty* v. *Duffy*, 7 R. I. 476; *Tanner* v. *Valentine*, 75 Ill. 624; *Byrnes* v. *City of Cohoes*, 67 N. Y. 204; *McCarthy* v. *City of Syra-cuse*, 91 id. 194.) It was error for defendant to introduce several questions and answers selected from the plaintiff's deposition taken in proceedings before the city comptroller.

and subsequently denying to the plaintiff the right to explain and qualify them by introducing other parts thereof. (*Grattan* v. *M. L. Ins. Co.*, 92 N. Y. 274; Abb. Trial Briefs, 90; *Gildersleeve* v *Landon*, 73 N. Y. 609; Wood's Pr. Ev. 503, § 160; *Garry* v. *Nicholson*, 24 Wend. 350; *Kelsey* v. *Bush*, 2 Hill, 440; *Rouse* v. *White*, 25 N. Y. 170; *Dilleber* v. *H. L. Ins. Co.*, 60 id. 256; *Romertz* v. *E. R. Nat. Bank*, 49 id. 577; *Carver* v. *Tracy*, 3 Johns. 424; *Warling* v. *Toll*, 9 id. 141; *Tenner* v. *Lewis*, 10 id. 38; *Credit* v. *Brown*, Id. 365; *Hopkins* v. *Smith*, 11 id. 161; *R. A. Co.* v. *Warren*, 1 T. & C. 21; *Whitman* v. *Morey*, 63 N. H. 448; 2 New Eng. Rep. 256; *Gellatly* v. *Lowery*, 6 Bosw. 113; *Brooks* v. *Baker*, 9 Daly, 402; *Reich* v. *Mayor, etc.*, 12 id. 72.) All property held by a municipality is held by it in its municipal capacity, and is, in a proper sense, public property. (*Leonard* v. *Brooklyn*, 71 N. Y. 498, 500; *City of Rochester* v. *Town of Rush*, 80 id. 302, 307, 308; *People* v. *Assessors*, 111 id. 505, 509, 510; *Brooklyn* v. *Armstrong*, 45 id. 234, 243; *Hiller* v. *Village of Sharon Springs*, 28 Hun, 344; *Requa* v. *Rochester*, 45 N. Y. 134; *Heacock* v. *Sherman*, 14 Wend. 61; *Dygert* v. *Schenck*, Id. 450; *Schonefer* v. *City of Rochester*, 15 Abb. N. C. 57; *Moore* v. *Mayor, etc.*, 73 N. Y. 238; *Story* v. *N. Y. El. R. R. Co.*, 90 id. 122; *Cohen* v. *Mayor, etc.*, 113 id. 532, 537; *Bieling* v. *City of Brooklyn*, 9 N. Y. S. R. 690; *Hume* v. *Mayor, etc.*, 74 N. Y. 264; *Rehburg* v. *Mayor, etc.*, 91 id. 137, 141; *Galvin* v. *Mayor, etc.*, 112 id. 223, 227; *Nims* v. *City of Troy*, 59 id. 500; *Reed* v. *State*, 107 id. 407, 412; *Ballou* v. *State*, 111 id. 496, 501; *Chapman* v. *Rochester*, 110 id. 273, 277; *Mills* v. *Brooklyn*, 32 id. 489; *Urquhart* v. *Ogdensburg*, 91 id. 67; 107 id. 649; *Ehrgott* v. *Mayor, etc.*, 96 id. 264; *Byrnes* v. *City of Cohoes*, 67 id. 204; *City of Crawfordsville* v. *Bond*, 7 Am. and Eng. Corpn. Cases, 488, 491; 96 Ind. 236; *Sheridan* v. *City of Salem*, 25 Am. and Eng. Corpn. Cases, 139; *Gallagher* v. *St. Paul*, 28 Fed. Rep. 305; *Mayor* v. *Sheffield*, 4 Wall. 189; *Seifert* v. *Brooklyn*, 101 N. Y. 136; *Wendell* v. *Mayor, etc.*, 4 Abb. Ct. App. Dec. 563; *Adams* v. *Conover*, 87 N. Y.

422, 426; *Cook* v. *Harris*, 61 id. 448, 453, 454; *People* v. *Loehfelm*, 102 id. 1, 4; *Pomfrey* v. *Saratoga*, 104 id. 459, 466; *City* v. *Chadwick*, 7 Eng. and Am. Corpn. Cases, 402; *State* v. *Crompton*, 2 N. H. 513 ; Angell on Highways, § 257; *Heacock* v. *Sherman*, 14 Wend. 58, *Dygert* v. *Schenck*, 23 id. 446, 449–451; *Trustees* v. *Lynch*, 70 N. Y. 450; *Flint* v. *Bacon*, 13 Hun, 454; *Curtiss* v. *Ayrault*, 47 N. Y. 73.)

*D. J. Dean* for respondent. The defendants are not liable for damages sustained by the plaintiff in consequence of the condition of the drain in Chatham street, constructed by Mrs. Ottendorfer to drain her premises. (Dillon on Mun. Corp. [3d ed.] § 1049; *Barton* v. *Syracuse*, 36 N. Y. 54; *Smith* v. *New York*, 66 id. 295; *McCarthy* v. *Syracuse*, 46 id. 194; *Nims* v. *City of Troy*, 59 id. 500; *Hines* v. *Lockport*, 50 id. 236; *Terry* v. *Mayor, etc.*, 8 Bosw. 510; Laws of 1875, chap. 300, § 5; *Walsh* v. *Trustees*, 96 N. Y. 427; Laws of 1865, chap. 381, p. 715; Laws of 1882, chap. 410, §§ 327, 328, 329; *McCaffrey* v. *City of Albany*, 11 Hun, 613.) A municipal corporation is, on the one hand, a governmental agency exercising legislative and executive public functions; on the other hand, it is also proprietary or private, holding property as a private individual. (Dillon on Mun. Corp. [3d ed.] § 66; *Darlington* v. *Mayor, etc.*, 31 N. Y. 164; *Gray* v. *Brooklyn*, 10 Abb. Pr. 186; *People* v. *Hurlburt*, 9 Am. Rep. 103; *People* v. *Detroit*, 15 id. 202.) The charge to the jury, that whether there was a public sewer in Chatham street, or whether there was delay in building such a sewer, entails no liability on the city, was correct. (Dillon on Mun. Corp. [3d ed.] § 1046; *Mills* v. *City of Brooklyn*, 32 N. Y. 489; *Wilson* v. *Mayor, etc.*, 1 Denio, 595; *Seifert* v. *City of Brooklyn*, 101 N. Y. 136.)

Andrews, J. We think the judgment in this case is clearly right, and little can be added to the satisfactory opinion of the General Term.

The sewer, so-called, from the Ottendorfer house, was constructed by the owner of the premises, with the consent of the

city, as a private drain. It never changed its character. When the Ottendorfer premises were purchased for the Brooklyn Bridge the title vested in the city or for the benefit of the city, and was taken with the same rights which the grantor had in the drain. It did not become a public sewer because the municipality became the owner of the property. When the plaintiff obtained permission of the city authorities to connect his premises with the drain, he stood in the same position to the city as he would have stood to Mrs. Ottendorfer if she had remained the owner of the bridge premises and the permission had been obtained from her. She would not have been bound to limit the use of the drain to the water and material then discharged into it from her premises, nor to remove any obstruction therein for the protection of the plaintiff, nor would she be bound to stop using it on notice that the plaintiff's premises were flooded. The city, on acquiring title to the bridge property, stood in her shoes, and subject to no greater obligation to the plaintiff than would have rested on Mrs. Ottendorfer in the case supposed. Neither she nor the city could willfully or maliciously injure the plaintiff. But the plaintiff under the permit was a mere licensee, and when he found that the water flooded his premises, it was for him to take the necessary measures for their protection. He could not cast the duty upon the city.

There was no evidence that the city adopted the drain as a public sewer, and the evidence on this point would not have been strengthened if the plaintiff had been permitted formally to introduce the deed to the bridge company in evidence, or to show more explicitly that the water discharged into the drain was greater than before the bridge was completed. It was not claimed that any more was discharged into it at any time than it was capable of carrying off if it had not been obstructed. The ten dollars paid for a permit was paid for a license to use the private drain. It imposed no duty on the city to keep it in repair or free from obstruction. The city officers, on being notified, said they would attend to the matter. It seems they did examine and found that the Frankfort street

sewer, at the point where the drain entered it, was free. But if they did not perform their promise to the plaintiff this gave him no cause of action. The administrative officers of the city could not by their act convert a private drain into a public sewer, nor impose upon the city an obligation founded upon their promise to repair and remedy the difficulty. The point that the plaintiff was excluded from testifying to what was stated by him in his deposition presented to the Comptroller, is not ground of reversal. It is claimed that the part of his statements in the deposition proved by the defendant bearing upon the correctness of his claim, as to items of damage, as made before the jury, tended to impeach his credibility, and, therefore, may have influenced the jury in determining the credit given to his evidence as to the obstruction being in the Frankfort street sewer, and not in the drain. The alleged impeachment of the plaintiff's credibility by the statements in the deposition proved by the defendant, was at most very slight. The exclusion of the plaintiff's evidence in explanation could have had, we think, no material influence on the case. The evidence as to the location of the obstructions very greatly preponderates that it was in the drain and not in the sewer, and the jury could not well have found otherwise, and as, if this was the fact, the plaintiff was not entitled to damages, any discredit cast on his evidence on that subject was immaterial.

We think there is no error requiring a reversal of the judgment, and it should, therefore, be affirmed.

All concur, except EARL and PECKHAM, JJ., dissenting.

Judgment affirmed.