# Richmond.

ROBINSON v. CITY OF DANVILLE.

February 5, 1903.

1. MUNICIPAL CORPORATIONS—*Defective Private Culvert—Liability.*—A municipal corporation is not liable for injuries to private property caused by an overflow of water from an obstructed private culvert, which the corporation is not bound to keep open and in repair, and over which it exercises no control.

2. MUNICIPAL CORPORATIONS—*Power of Executive Officers—Defective Culvert.*—Neither the Mayor, nor other executive officers, agents or employees of a municipal corporation have any authority to convert a private culvert into a public one, or to assume control of it for the corporation; and the mere fact that such officers, upon complaint of a property owner, take steps to prevent the obstruction of a private culvert, although it would, in the absence of explanation, tend to show that the corporation had taken charge of the culvert and was exercising authority over it, will not render the corporation liable for damages caused by such obstruction, where, in fact, the corporation has never, by resolution of its Council, authorized such action or assumed or exercised any control over the culvert.

Error to a judgment of the Corporation Court of the city of Danville rendered October 7, 1901, in an action of trespass on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant. .

*Affirmed.*

The opinion states the case.

*Julian Meade,* for the plaintiff in error.

*F. F. Bowen,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error instituted his action of trespass on the case against the city of Danville to recover damages for injuries alleged to have been done his property by the defendant's failure to keep open and free from obstruction a culvert through which water falling upon and passing by the plaintiff's property was discharged into Dan river. Upon the trial of the cause the defendant demurred to the evidence, and the court rendered judgment in its favor. To that judgment this writ of error was awarded.

Prior to the building of the said culvert there was a drain from ten to twenty feet deep through which the water from the surrounding lands above found its outlet to Dan river, which flowed near by. In the year 1874 the Virginia Midland Railroad Company, in constructing its road across the drain, built a rock culvert therein for the passage of the water. In the year 1883 the town of North Danville, which was incorporated in the year 1876 (Acts 1876-'7, ch. 129), in improving River street, by raising the grade, extended the culvert about sixty feet, which carried it across the street, and ten or twelve feet into a lot owned by the defendant. In the year 1893 the defendant conveyed that lot to the Riverside Cotton Mills. In the year 1896 or 1897 the cotton mills, in the construction or operation of its works, located at or near the end of the culvert next to and on the bank of the river, so obstructed the culvert that the water ceased to pass through it, and in times of heavy rains backed upon or overflowed the plaintiff's premises situated on the opposite side of the railroad, and at or near the other end of the culvert. When the railroad was constructed water from a spring, as well as surface water, flowed through the drain in which the culvert was built. But at the time of the injuries complained of, and for some years prior thereto, the drain above the culvert having been filled up by the adjoin-

ing lot-owners in improving their properties, the water from the spring sank before it reached the culvert, and no longer flowed through it.

It is not contended that the defendant by contract, grant or dedication acquired the right or authority, or undertook, to keep open or in repair the culvert from the point where the water entered it on the railroad land to the other end of the culvert where it was obstructed on the lot of the cotton mills; but the contention is that the culvert is a public culvert, and, being such, it was the duty of the defendant to keep it open and in repair.

This contention is not, in our opinion, sustained by the evidence. It is not shown that the defendant or its predecessors, the town of Neapolis or the town of Danville, by resolution or act of their respective councils assumed control of the culvert, or that the question of its control was ever before them. Neither does it appear that the defendant, or its predecessors, had done such acts as would show that they had taken control of it, and that it was the duty of the defendant to maintain it. The culvert was wholly upon private property, except that portion under River street, and the evidence does not show that the defendant had acquired by contract, consent or undisputed use the right to enter upon such private property to open or repair the culvert.

In the latter part of the year 1897, or early in 1898, after the culvert had become obstructed, and water and earth commenced to back upon and overflow the plaintiff's premises, he complained to the Mayor and the police of the city who examined the culvert and gave orders about it. In the year 1899 a warrant was issued upon the oath of a policeman against the cotton mills, charging it with obstructing a culvert of the city. But neither the Mayor, nor other executive officers, agents or employees of the city had any authority to convert a private culvert into a public one, or to assume control of the culvert for

the city. *Kosmack* v. *Mayor, &c., New York,* 117 N. Y. 361, 367-'8, 22 N. E. 945; 2 Dillon on Mun. Corp., sec. 1046 and note. The acts named and others relied on by the plaintiff would, in the absence of explanation, tend to show that the city had taken charge of the culvert and was exercising authority over it; but, as before stated, the evidence shows that the councils, the governing body of the towns and city, had never passed any resolution as to the culvert, or given instructions about it, or authorized the acts done by the Mayor or other officers or agents in relation thereto.

The facts of this case are very different from those of *Chalkley* v. *City of Richmond,* 88 Va. 402, 407-'8, 14 S. E. 339, 29 Am. St. Rep. 730, cited and relied on by plaintiff's counsel. In that case the court found that the city had assumed and exercised control over the sewer, and had repeatedly emphasized that control by altering and repairing it, by giving authority in its municipal capacity to others to do so, by appropriating money, and furnishing labor, implements and official supervision and direction of the work.

We are of opinion that there is no error in the judgment of the Corporation Court, and that it should be affirmed.

*Affirmed.*