## LEONHARDT v. CITY OF NEW YORK.

### (Supreme Court, Appellate Term. March 5, 1908.)

1. WATERS AND WATER COURSES—MUNICIPAL CORPORATIONS—BREAK IN PRI-
VATE SERVICE WATER PIPE—LIABILITY OF CITY.

    The break, from which came the overflow of water by which plaintiff
was damaged, having been in his private service pipe, the city is not re-
sponsible, unless the proximate cause can be traced to the wrongful acts
of its employés.

2. SAME—DUTY AS TO REPAIRS.

    Where city employés, searching for a leak from which water came on
plaintiff's premises, discovered it in his private service pipe, temporarily
stopped it, and showed it to plaintiff, and left the excavation open, they
were justified in assuming, when notified by him to close the excavation,
that he had, as was his duty, repaired the leak.

3. SAME—CONTRIBUTORY NEGLIGENCE.

    Even if the employés of the city, in filling the excavation made in dis-
covering a leak in plaintiff's private service water pipe, negligently broke
the pipe, plaintiff was guilty of contributory negligence in requesting it to
be filled without repairing the leak, as was his duty, after the city em-
ployés had temporarily stopped it.

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis-
trict.

Action by Jacob M. Leonhardt against the city of New York. From
a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and
MacLEAN, JJ.

Leon Kronfeld, for appellant.

Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan,
of counsel), for respondent.

GILDERSLEEVE, P. J. The action is for damages from the leak-
age of water from plaintiff's service pipe, caused, as alleged, by the
careless and negligent cutting and breaking by defendant's servants of
said pipe. The trial court dismissed the complaint for failure of proof.

It appears from the testimony that in February, 1907, the plaintiff dis-
covered water coming into his premises from some unobservable leak-
age and notified the water department of the fact. The department
sent men to ascertain the trouble, and after considerable excavating dis-
covered that the leak was in plaintiff's private service pipe. It fur-
ther appears, without contradiction, that when the leak was discovered
on March 24th it was shown to the plaintiff by one of the employés
of the water department, who fixed it so that there was no leak, and
it gave no trouble until April 11th; that the plaintiff up to this time
did nothing to the pipe, and the excavation in the meantime remained
open; that plaintiff notified the water department to close the excava-
tion, and the same men who made it came and filled it up; that forth-
with the water overflowed in the same place where it leaked before;
that the plaintiff then employed his own plumber to make the necessary
repairs, and they were made at an expense of about $216. The dam-
ages claimed are this plumber's bill and an item amounting to about
$30 for damage to some of plaintiff's chattels. The plaintiff testified

that the pipe had been "bent over and hammered; but it was not hammered properly."

As the break from which the overflow of water came was in the plaintiff's private service pipe, the city was not responsible for the overflow, and consequent damage, unless the proximate cause should be traced to the wrongful acts of the city's employés. Kosmak v. Mayor, 117 N. Y. 361, 22 N. E. 945. There is no question about the location of the leak. The conclusion from the evidence must be that when the leak was discovered the city employés stopped it temporarily, and left the excavation open to give the plaintiff an opportunity to repair the leak, as was his duty, and that when notified to fill the excavation the city employés were justified in assuming that the work of repair had been properly done. In fact, the plaintiff had done nothing whatever by way of repairing the break. The only ground upon which any liability of the defendant can be predicated must rest upon an inference that the defendant's employés were guilty of negligently cutting or breaking the pipe when in the act of filling up the hole. If the evidence warranted such an inference, and there is grave doubt that it does, it must be said that the plaintiff was not free from contributory negligence in neglecting to repair the break and in requesting the filling up of the excavation while the pipe was in a defective condition. All considered, we are of the opinion that the complaint was properly dismissed, and that the judgment should be affirmed.

Judgment affirmed, with costs to the respondent. All concur.