WATERS' VS. THE VILLAGE OF BAY VIEW.

*November 28 — December 16, 1884.*

Municipal corporations: Improvement of street: Obstruction of surface
water.

A municipal corporation is not liable for the damage resulting from the obstruction of the flow of mere surface water caused by the grading or improvement of a street; nor is it bound to make any provision for carrying off such surface water.

APPEAL from the Circuit Court for *Milwaukee* County. Action to recover damages for injury to the plaintiff's lands alleged to have been caused by the negligence of the defendant in permitting à culvert to become filled up, causing water to dam up and flow back upon said lands. The facts sufficiently appear from the opinion. The plaintiff appealed from a judgment in favor of the defendant.

*Charles M. Bice,* for the appellant, cited: *Smith v. Milwaukee,* 18 Wis. 66; *Harper v. Milwaukee,* 30 id. 373; *Bar-*

*ton v. Syracuse*, 36 N. Y. 54; *McCarthy v. Syracuse*, 46 id. 196; 37 Barb. 292; *Merrifield v. Worcester*, 110 Mass. 216; *Jones v. New Haven*, 34 Conn. 1; *Nims v. Mayor*, 59 N. Y. 508; *Mayor v. Furze*, 3 Hill, 616.

For the respondent there was a brief by *T. Otjen*, Village Attorney, and *Burton Hanson* and *W. J. Turner*, of counsel, and the cause was argued orally by *Mr. Turner*.

ORTON, J. The village of Bay View, in grading Potter avenue, allowed an old culvert to remain, or constructed a new one (and it is no matter which), under the street, to carry off the surface water which sometimes accumulated on the adjoining lands of one Link and the lands of the plaintiff and others beyond the lands of Link, and which usually passed off through a ravine down to and through this culvert. The culvert became obstructed, and thereby the surface water was caused to flow back and injure the lands of the plaintiff. The complaint alleges that this flow of water was a *natural watercourse*. The special verdict of the jury negatives this allegation, and finds that the damage to the plaintiff was caused by the *surface water* which had been so obstructed.

The lands of the plaintiff are not adjoining Potter avenue, and were not directly affected by the improvement of that street, so as to entitle the plaintiff to compensation for lands taken for public use, but were so remote as to make the injury merely consequential from the back-flow of surface water so caused. It has been too often decided by this court that such an injury is *damnum absque injuria* to be an open question, and such are the decisions elsewhere, where the common law rule prevails. "According to that rule, no natural easement or servitude exists in favor of the owner of the higher ground for the flow of mere surface water over the lower estate, but the owner of the latter may detain or divert the same without rendering himself liable in

damages therefor." " An owner has the right to obstruct
and hinder the flow of mere surface water upon his land
from the land of other proprietors, and he may even turn
the same back upon or onto the land of his neighbor, with-
out incurring liability for injuries caused by such obstruc-
tions." " Mere surface water which is supplied by rains or
melting snow flowing in a hollow or ravine on the land is
not a watercourse." *O' Connor v. F. du L., A. & P. R'y
Co.* 52 Wis. 526. In that case the chief justice reviews the
previous decisions of this court on that question, and no dif-
ference is made between the case of a railroad company
grading its track, and a municipal corporation grading its
streets, so far as mere surface water is concerned; and *Hoyt
v. Hudson*, 27 Wis. 656, which is directly in point, is cited,
as well as *Pettigrew v. Evansville*, 25 Wis. 223; *Fryer v.
Warne*, 29 Wis. 511; and *Eulrich v. Richter*, 37 Wis. 226.

Whether this is mere surface water and not a watercourse
is a question of fact which the jury determined against the
plaintiff, and there is no finding which would even imply
that the flow of such surface water was so great or constant
as to be so near a watercourse as to be an exception to the
rule, which some authorities seem to recognize. Municipal
corporations have full power and discretion in grading or
filling up their streets, and need make no provision for car-
rying off the surface water of adjoining lands, or against its
back-flow upon such lands *(Lynch v. Mayor*, 76 N. Y. 60);
and when it has made such provision by a sewer or a drain,
it may discontinue or abandon the same if such owners are
left in no worse condition than they would have been if such
sewer or drain had never been made. *Atchison v. Challiss*,
9 Kan. 603. The authorities cited by the learned counsel of
the appellant are cases of nuisance and condemnation. This
is neither. The injury is caused by the occasional rains and
melting snows, which create temporary surface water, and
the plaintiff's land is in no sense taken for public use. This

is the vital and only question in this case, and, as we have seen, the injury by the back-flow of mere surface water, however caused, by the reasonable improvement or use of the land below by the owner thereof, is without remedy. The principle is as well established by reason as by the decisions of this and other courts, and may not be yielded or compromised to meet seeming cases of hardship. The circuit court did not err in rendering judgment for the defendant upon the special findings of the jury.

*By the Court.*— The judgment of the circuit court is affirmed.