HARP, Appellant, vs. THE CITY OF BARABOO, Respondent.

*November 24 — December 16, 1898.*

*Municipal corporations: Disposal of surface waters.*

1. The stoppage of surface water by the grading up of a street, causing property to be overflowed, does not render the city liable in damages.
2. The arrangement of gutters, ditches, etc., by a city in the course of grading and adjusting its streets, whereby the course of surface water is changed and its flow in certain directions or at a certain place is increased, is not actionable.
3. A city can no more be liable for the result of two innocent and lawful acts in combination than for the separate consequence of either of them.

APPEAL from an order of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Appeal from an order sustaining a demurrer to the com-

Harp vs. The City of Baraboo.

plaint, in an action for damages against the city of *Baraboo*, alleging as material facts that the city, prior to the events complained of, had carelessly and negligently filled up Third street in said city, without making provision for the escape of surface water, which accumulated in, and naturally passed down, a certain ravine crossing the line of said street and extending in a southerly or southwesterly direction toward the Baraboo river; said filling constituting, in effect, a dam across said ravine, which detained and set back surface water naturally passing down said ravine, and causing the same to rise, set back, and overflow premises of the plaintiff, situated upon or near said ravine, and above (northward) said Third street, but not contiguous thereto; and that, in addition, said city had carelessly and negligently constructed ditches along streets to the north and west of said premises, by means of which large quantities of water, which would otherwise have passed off in other directions, were gathered up in a body and conducted through said ditches into said ravine, and that by means of such ditches, and the said filling so constituting such dam as aforesaid, large quantities of water would be, and were, in times of rain, gathered together and cast in a body upon such lot of said plaintiff; and that on the 18th day of March occurred a heavy, but not unusual, rainstorm, the waters whereof, by means of said ditches and said dam, were gathered together in a body much larger than could or would have been accumulated but for such ditches and dam as aforesaid, and cast upon plaintiff's said premises, submerging the same, and causing other damage. It is not charged that the injury was in any wise due to the alleged negligence in construction. Notice to the council, and refusal to make compensation, are alleged, and damages are prayed.

For the appellant there was a brief by *H. Grotophorst* and *G. Stevens*, and oral argument by *Mr. Grotophorst*. To the point that a city would be liable for gathering up a large

amount of surface water by ditches and throwing it upon ground where it would not naturally go, they cited *Pettigrew v. Evansville*, 25 Wis. 223; *Byrnes v. Cohoes*, 67 N. Y. 204; *Vogel v. New York*, 92 id. 10; *Seifert v. Brooklyn*, 101 id. 136; *Noonan v. Albany*, 79 id. 470; *Schuster v. Albrecht*, 98 Wis. 241; *Gilluly v. Madison*, 63 id. 518; *Hogenson v. St. P., M. & M. R. Co.* 31 Minn. 224; *Olson v. St. P., M. & M. R. Co.* 38 id. 419; Elliott, Roads & S. 363; Gould, Waters, § 272.

*R. D. Evans*, for the respondent.

DODGE, J.   The stoppage of surface water by the grading up of a street is not an act upon which an action for damages against the city can be predicated. *Waters v. Bay View*, 61 Wis. 642; *Lessard v. Stram*, 62 Wis. 112; *Johnson v. C., St. P., M. & O. R. Co.* 80 Wis. 641.

The arrangement of gutters, ditches, etc., by a city, in the course of grading and adjusting its streets, whereby the course of surface water is changed and its flow in certain directions or at a certain place increased, is not actionable. *Heth v. Fond du Lac*, 63 Wis. 228; *Champion v. Crandon*, 84 Wis. 405.

The city can no more be liable for the result of two innocent and lawful acts in combination than for the separate consequence of either such acts.

The demurrer was properly sustained.

*By the Court.*— Order affirmed.