MERKEL, Appellant, vs. TOWN OF GERMANTOWN, Respond-
ent.

*January 15—February 2, 1904.*

*Highways: Culverts: Diversion of surface water: Authority of mu-
nicipal officers.*

1. In an action against a town for damage, alleged to have been
   occasioned by surface water diverted from its former course,
   and conducted through a culvert, insufficient in size and im-
   properly located, the complaint considered, and *held* to state
   no cause of action.
2. For the purposes of improving highways, a town has the same
   right to divert and obstruct the natural flow of mere surface
   water as private individuals.

APPEAL from an order of the circuit court for Washington
county: JAMES J. DICK, Circuit Judge. *Affirmed.*

This is an appeal from an order sustaining the demurrer
to the complaint.

The material facts alleged in the complaint are as follows:
Appellant is the owner of premises used for agricultural
purposes in the town of *Germantown,* Washington county.
The premises lie on the south side of one of the highways of
the town, and are at such a level, and lie in such relation to
the lands at the north of the highway, that the waters of a
considerable territory would naturally drain over them. The
highway for a distance of about 400 feet is practically level,
and has an embankment for the traveled track over this part
of about two feet above the level of the land over which it
passes.   When the road was first improved, many years be-
fore this action was commenced, a culvert was built at a
point where the surface slopes slightly in from both direc-
·tions, at a place about 145 feet east of the northwest corner
·of the premises.   This culvert was about twelve feet wide
·and two feet high.   At a point about 410 feet further east
·was another culvert, about three feet in width and two feet

in height. Plaintiff's grantor had constructed a ditch across his premises from the larger culvert to the southwest corner of the premises for the purposes of carrying the surface water off quickly, and thus protecting the lands for agricultural uses. It appears that the surface waters from the lands lying to the north of appellant's premises were stopped in their flow by the raised highway, and flowed through the culvert, and but for the highway the waters would naturally spread and flow over a large part of appellant's farm. The natural course of the water was over the highway at the place and in the courses now complained of, but they are intercepted by the embankment in the highway. That portion over which the water came is almost a dead level. On the 13th of June, 1903, the town authorities filled up the larger culvert, and built a new one to the east of the place of the old one. This new culvert was about three feet and four inches wide by about two feet in height, and is alleged to be insufficient in capacity and improperly located to carry off the surface water which collected and flowed over that part of the highway north of the embankment. On July 17th, during a heavy rainfall, the surface water flowed into and filled up the ditch upon the northern side of the highway, and overflowed the roadbed of the highway between the point where the old culvert had stood and a point about 200 feet east thereof. The waters tore up the roadbed and carried the gravel into the ditch constructed by appellant to carry the water from the new culvert, filled the ditch, and carried gravel over corn and potato fields. The water also tore up the earth and carried off large quantities of it. Plaintiff further alleges that the last improvement was negligently planned and constructed, causing him damages to the amount of $800. The court sustained the demurrer to the complaint upon the ground that it failed to state a cause of action. From the order sustaining the demurrer, this appeal is taken.

For the appellant the cause was submitted on the brief of
*P. O'Meara.*

For the respondent there was a brief by *Sawyer & Sawyer*
and *J. C. Russell,* and oral argument by *Mr. E. W. Sawyer*
and *Mr. Russell.*

SIEBECKER, J.    It is conceded in this case that town au-
thorities, for the improvement of its highways, may grade
them by cutting or filling, and may construct bridges, cul-
verts, and drains to accomplish this result, and that, if the
flow of surface water is thereby diverted from or carried onto
land out of its natural course, no action for damages arises
therefrom, unless it appears that the improvement is not au-
thorized in law, or was undertaken or executed in a wanton
manner, without reasonable advantage to the public, and re-
sulted in injury to private property.   In *Champion v. Cran-
don,* 84 Wis. 405, 54 N. W. 775, the opinion exhaustively
reviews the cases in this court upon the question.   It is there
asserted:

"The power of supervisors to determine upon a plan and
method for improving streets and highways, and providing
for the removal of surface water, is a discretionary one, and
a mere error of judgment in respect to the plan will not sub-
ject the town to an action for damages. . . .   The authori-
ties are numerous that the determination of the public au-
thority upon the plan for doing such a work is conclusive."
Citing many cases.

The appellant's complaint shows that the surface water
collecting on a large body of land lying to the north of the
highway naturally flows over the highway onto plaintiff's
land, and thence to the south.   The former highway im-
provement raised the traveled track of the road about two
feet above the natural surface for the distance of nearly 400
feet along his farm premises, and the surface water passed
through a large culvert in the embankment, and thence
flowed on his premises.   In June, 1903, the town made im-

provements in the highway by removing this culvert, constructing a smaller one to the east. By reason of the change in location and size of the culvert, it failed to conduct the water from the north to the south of the embankment, which resulted in flooding the traveled track, and diverting the water from its former course over the road and his farm, and thereby caused him damages. These allegations furnish no basis of complaint against the town, inasmuch as the undertaking of respondent's officers was a lawful one, for the improvement of the highway.

Nor can the charge that the officers acted negligently and wantonly in making the improvement and adopting the plan aid the complaint, since the plan adopted to improve the highway is within the lawful right and authority of the town. For the purposes of improving its highways, a town has the same right to divert and obstruct the natural flow of mere surface water that the owners of private property have in improving their lands. *Champion v. Crandon, supra; Harp v. Baraboo,* 101 Wis. 368, 77 N. W. 744; *Hoyt v. Hudson,* 27 Wis. 656; *Clauson v. C. & N. W. R. Co.* 106 Wis. 308, 82 N. W. 146.

The complaint fails to state a cause of action, and the demurrer was properly sustained.

*By the Court.*—Order affirmed.