STOECKER, Appellant, vs. CITY OF CEDARBURG, Respondent.

*April 16—May 4, 1915.*

*Municipal corporations: Street improvements: Changing flow of surface water.*

A city has the right to change the natural course of surface water by improvements on its streets, even though the flow of such water to and upon adjoining lands is thereby changed.

APPEAL from a judgment of the circuit court for Ozaukee county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an action to recover damages caused by surface water which it is alleged the city gathered into artificial water channels and discharged upon the plaintiff's land, and for the abatement of a nuisance.

The plaintiff and her husband were the owners of the land here involved. Since the cause has been tried in the trial court the husband has died and the action is continued in the plaintiff's name. It appears that the plaintiff owns land situated on Wurthmann street in the city of *Cedarburg.* There were no improvements upon this property. Wurthmann street intersects "Plank Road" on the west of and Hilbert and Depot streets on the north of plaintiff's property. The city some years ago constructed a drain pipe from "Plank Road," draining a piece of land east thereof which borders on plaintiff's land on the north. This drain was for the purpose of conducting the surface water and carried it to the intersection of Depot street, where it was discharged and thence flowed upon plaintiff's land. The plaintiff used this tract of land for agricultural purposes. She alleges that this discharge of the surface water damaged the crops, and further alleges that some of the residents discharged sewage into this drain and thus it constituted a nuisance. The testimony showed that before this drain was constructed the elevation of the land in the locality of "Plank Road," Hilbert street, and Depot street was such as to drain surface water on the plaintiff's land.

The circuit court, with the consent of the attorneys, discharged the jury upon the ground that it was an equitable action. The court found that the discharge of the surface water onto the plaintiff's land was not any greater than before the construction of this drain and that the city had not authorized any one to drain sewage from their premises into the street drain, and that if such use had been made of the

drain it was without the city's knowledge and consent. Judgment was entered dismissing the plaintiff's complaint and awarding defendant its costs and disbursements. From such judgment this appeal is taken.

*Charles M. Scanlan,* for the appellant.

For the respondent there was a brief by *William F. Schanen,* attorney, and *James D. Shaw,* of counsel, and oral argument by *Mr. Shaw.*

SIEBECKER, J.   We have examined the record and find the evidence amply sustains the findings of fact of the trial court.    The trial court properly held that the acts of the city in constructing the drain and improving the highway adjacent to plaintiff's premises did not increase the flow of the surface water onto the plaintiff's land and did not create a nuisance.

The city had the right to improve the "Plank Road" and the streets in the city and to change the natural course of the surface water by such improvement within the limits of the highways, even though such improvement changed the flow of such water onto adjoining lands.    *Champion v. Crandon,* 84 Wis. 405, 54 N. W. 775; *Merkel v. Germantown,* 120 Wis. 494, 98 N. W. 210.

*By the Court.*—Judgment affirmed.