CRYSTAL SPRING BROOK TROUT HATCHERY COMPANY, Appellant, vs. VILLAGE OF LOMIRA, Respondent.

*April 24—May 15, 1917.*

*Nuisance: Pollution of springs and ponds of fish hatchery: Municipal corporations: Surface drainage: Sewers: Streets: Rights of abutting owners.*

1. In an action to abate a nuisance and for damages, findings by the trial court to the effect that the pollution or defilement of plaintiff's springs and ponds, used by it in conducting a fish hatchery, was not in any manner caused by acts of the defendant village, are *held* to be sustained by the evidence, from which it appeared, among other things, that such springs and ponds are in the course of the natural surface drainage of a large area including a considerable part of the village, that private drains had been constructed by plaintiff, its predecessor in title, and other property owners on the streets, that the village had not built or authorized any such drains or any sewers, and that street improvements affecting the flow of surface water had been made solely in the discharge of the duty of the village to care for its streets.

2. Although the village had power to lay out a general sewerage system it was not liable in this case for failure to do so.

3. Abutting owners have certain rights in the streets of a municipality not inconsistent with the servitude to which the street is subject, and the municipality is not liable for the exercise of those rights by such owners.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This action was brought to abate an alleged nuisance claimed to have been maintained by the defendant village. The relief demanded in the complaint is (1) damages; (2) that defendant be enjoined from continuing the alleged nuisance; and (3) that defendant be compelled to install and maintain a sewerage system.

The answer put in issue the material allegations of the complaint. After the trial the court made a detailed statement of the established facts, which appears in the record, and made findings of fact and conclusions of law; also filed

an opinion in the case holding that upon the established facts
no case was made against the defendant, and ordered judg-
ment in favor of the defendant dismissing the complaint with
costs.    Judgment was entered accordingly, from which this
appeal was taken.

The cause was submitted for the appellant on the briefs of
*Roehr & Steinmetz* of Milwaukee, and for the respondent on
that of *T. L. Doyle* of Fond du Lac.

KERWIN, J.    The trial judge immediately upon the con-
clusion of the trial, in the presence of counsel of both parties,
made a statement of what he found the facts established by
the evidence to be, and afterwards made findings of fact and
conclusions of law based upon the established facts found.

The court below found the facts at great length and in
detail, and we shall not recite the findings here.    It is suffi-
cient to say that as part of the findings in detail showing that
the defendant did not contribute to the creation of a nui-
sance or damage to plaintiff, the court concluded by finding
"that the pollution or defilement of the said stream and ponds
of the plaintiff is not in any manner caused or occasioned by
acts of the defendant village."    The court further found that
the plaintiff's springs and ponds are located within the course
of the natural surface drainage of a large area of land lying
to the east, north, southeast, and northeast, upon a portion
of which area is located a considerable part of the defendant
village.

Several authorities are cited by counsel for appellant
where sewers have been built or authorized by the municipal-
ity in such manner as to do injury to private property and
damage the owners thereof, but these cases have no applica-
tion to the instant case.

In the instant case the findings, supported by the evidence,
show that no case is made against the defendant upon the
established facts.    While it is true that the defendant had

power to lay out a general sewer system it was not liable in the instant case for failure to do so. *Kelley v. Milwaukee,* 18 Wis. 83; *State ex rel. Rose v. Superior Court,* 105 Wis. 651, 81 N. W. 1046; 28 Cyc. 917 and cases cited.

Upon the established facts drains were constructed by plaintiff, its predecessors in title, and other property owners on the streets in the defendant village, and the defendant is not liable for the acts of such parties. The abutting owners have certain rights in the streets of a municipality not inconsistent with the servitude to which the street is subject, and the municipality is not liable for the exercise of such rights by the abutting owners. *Papworth v. Milwaukee,* 64 Wis. 389, 25 N. W. 431; *Krueger v. Wis. T. Co.* 106 Wis. 96, 81 N. W. 1041; *Johnston v. Lonstorf,* 128 Wis. 17, 107 N. W. 459.

The general topography of the country, as appears from the record, shows that the natural flow of the surface water is into the pond in question, and any improvements made in the street or elsewhere by the defendant were done in the discharge of the defendant's duty in caring for its streets and without injury to the plaintiff or liability on the part of the defendant therefor. *Waters v. Bay View,* 61 Wis. 642, 21 N. W. 811; *Harp v. Baraboo,* 101 Wis. 368, 77 N. W. 744; *Merkel v. Germantown,* 120 Wis. 494, 98 N. W. 210; *Champion v. Crandon,* 84 Wis. 405, 54 N. W. 775; *Shaw v. Ward,* 131 Wis. 646, 111 N. W. 671; *Stoecker v. Cedarburg,* 161 Wis. 34, 152 N. W. 445.

There are other propositions in the case which might be considered tending to show nonliability on the part of defendant, but sufficient has already been said to show that plaintiff made no case against defendant, hence the complaint must be dismissed.

*By the Court.*—The judgment of the court below is affirmed.