HENRY, Respondent, vs. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

*February 12—March 10, 1931.*

184

For the appellant there was a brief by *Kopp & Brunck-horst* of Platteville and *Lees & Bunge* of La Crosse, and oral argument by *Andrew Lees.*

For the respondent there was a brief by *H. E. Carthew* of Lancaster and *Alexander Athey* of Prairie du Chien, and oral argument by *Mr. Athey.*

FAIRCHILD, J.  Different phases of the litigation that has arisen since 1921 between the parties to this action have been considered and decisions made by the circuit court for Grant county and this court.  In *Chicago, B. & Q. R. Co. v. Railroad Comm.* 199 Wis. 342, 226 N. W. 286, maintenance by the defendant railroad company of an adequate means of discharging the waters, which is a controlling factor in the dispute, was considered.  The decision there reached throws light on this whole matter, and assists in a judicial examination and review of the issues here presented.

Mr. Justice CROWNHART, in writing the opinion for the court there, said:

". . . Running parallel with the railroad has been at all times a turnpiked highway. Originally there was a bridge in the highway at the point where the original channel crossed the same, under which the water flowed in its natural channel, but for many years the bridge has been removed and the channel filled up, so that now, to restore the waters to the old channel, it is necessary not only to make an opening in the railroad embankment, but also an opening in the highway. . . . The . . . change in the railroad embankment would be entirely futile without the change in the highway."

The evidence shows that the drainage area of the railroad bridge in question, while not as large as when constructed, is maintained so as to be 290.89 square feet; that the town highway bridge of the highway paralleling the railroad track and but a short distance up the valley from the railroad bridge has a drainage area of about thirty-five square feet, and that the ditch extending across the plaintiff's land to the railroad bridge has a drainage area of not over one hundred square feet. It thus appears that the railroad bridge has eight times the carrying capacity of the opening in the highway bridge and upwards of three times the carrying capacity of the ditch leading to the opening. A reasonable application of the law to this situation is that it is not necessary to require that the waters should be permitted to discharge in their natural channel but that suitable provision shall be made for this discharge. The railroad has provided a carrying capacity for many times as much water as can come to it through the channel the waters have established and many times as much water as can reach it if it comes under the highway bridge. This indicates that the damage was in no way caused by anything the defendant did or did not do in the premises. The cause of injury to plaintiff's crops was the volume of water that came down the hollow, and it is

clear that damage to plaintiff's property was inevitable and would result before the waters reached defendant's right of way. It seems plain that the flooding of the fields at this time would have occurred had there never been a railroad track where this one is.

True, there had been some filling-in caused by silt brought down by the waters in previous years, but this would have occurred had the railroad never been built. Mr. Justice CROWNHART suggests in the opinion referred to: "It is by no means apparent that the original channel would not have filled in and been diverted if the waters had been allowed to flow in the natural channel."

The ditch or watercourse has changed from that in which waters flowed before the railroad was built, which course the railroad at first sought to maintain, so that they now flow diagonally across the lands purchased by plaintiff directly toward the opening in the bridge. From the evidence of all the witnesses, supported by photographs, there is but one conclusion to be drawn, and that is that on the day the land was overflowed waters resulting from a rain-storm sufficient to flood the valley destroyed plaintiff's crops. No act or failure to act on the part of defendant resulting in damage to plaintiff being shown, the complaint must be dismissed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss plaintiff's complaint.