JAMES R. LOCKIE

v.

THE MUTUAL UNION TELEGRAPH COMPANY.

*Filed at Ottawa June 21, 1882.*

1. EMINENT DOMAIN—*rights acquired by condemnation for telegraph purposes.* A telegraph company, by a judgment condemning land for its use under the Eminent Domain act, does not acquire the fee to the land, or the right to use it for any other purpose than to erect telegraph poles and suspend wires upon them, and maintain and repair the same, and use the structure for telegraph purposes. This, of course, gives the company the right, at all times, when necessary to construct or to repair the line, to enter upon the strip condemned, doing as little damage as possible. The company can not cultivate such strip, or take exclusive possession of it, or enjoy it for any other purpose. The only exclusive right of occupancy the company acquires is the ground occupied by the poles erected for telegraph purposes.

2. SAME—*width of strip that may be acquired.* The statute does not designate the width of the strip of land that may be condemned for telegraph purposes, but only authorizes such companies to acquire such an amount of land as may be necessary; and where only one line of poles is specified in the petition, and the evidence does not show that a half a rod in width is an unreasonable amount of land, the judgment condemning that much of the land will be sustained, and will be construed to authorize the erection of but one set of poles.

APPEAL from the County Court of Livingston county; the Hon. ROBERT R. WALLACE, Judge, presiding.

This was a proceeding instituted by the telegraph company under chapters 47, entitled "Eminent Domain," and 134, entitled "Telegraph Companies," of the Revised Statutes of 1874, by petition to the county court of Kankakee county, and change of venue to Livingston, where a trial was had, with a jury, a verdict rendered, and judgment for $50, and an appeal taken to this court by Lockie, the defendant land owner. It seems the strip of land, eight and one-quarter feet wide, sought to be condemned, lies along the right of

26—103 ILL.

way of the Illinois Central Railroad Company. Appellant holds the view that the condemnation of this strip for the use of the telegraph company will render it necessary to erect and maintain a fence along the line of this new right of way, and that the expense thus to be incurred will devolve on the land owner. Appellant contends that the matter of that expense was not properly considered on the trial below.

Mr. WILLIAM POTTER, and Mr. O. G. BARTLETT, for the appellant.

Mr. H. K. WHEELER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This question turns on the true construction of the Eminent Domain statute. What right does the telegraph company acquire by the judgment of condemnation? It surely was not intended that it should be the fee to the land condemned. The language of the act does not require or sanction such a construction, and to so hold would violate the manifest intention of the legislature. Nor can it be fairly held that it confers the right to use it for any other purpose than that for which it is condemned. The company can not cultivate or take exclusive possession of it, or enjoy it for any other purpose than to erect telegraph poles and suspend wires upon them, and maintain and repair the same, and to use the structure for telegraph purposes, and this is all the petition asks or the statute authorizes. This, of course, gives the company the right, at all times, when necessary to construct or to repair the line, to enter upon the strip condemned, doing as little damage as possible. By designating the width of the strip in the condemnation proceedings the company acquires no right to exclude the owner of the soil from the use of the land. That remains as it was before, except the company has acquired an easement on the strip condemned to so enter

for the purpose of erecting and repairing the line. The only exclusive right of occupancy the company acquires by such a proceeding is the ground occupied by the poles erected for telegraph purposes. These are the rights intended to be conferred by the law, and are all that were or can be acquired under it, and the judgment in this case conferred no more.

It therefore does not become necessary for the appellant to erect a fence to separate this strip from the remainder of his land. Nor does it appear from the evidence that a half of a rod in width is an unreasonable amount of land over which a telegraph company may acquire the right to erect and repair its line. The statute only authorizes such companies to acquire such an amount as is necessary. Nor does the petition specify the erection of more than one set of poles, and the judgment will not be construed to authorize more.

In this view of the case we are unable to perceive any error in the judgment, and it must be affirmed.

*Judgment affirmed.*