BORCHSENIUS, Respondent, vs. CHICAGO, ST. PAUL, MINNEAP-
OLIS & OMAHA RAILWAY COMPANY, Appellant.

*May 21 — June 11, 1897.*

*Surface waters: Artificial accumulation by construction of railroad:
Failure to construct culverts: Negligence: Pleading.*

1. Where the owner of land permits surface waters to accumulate
thereon he must either confine them or transmit them to adjacent
lands in such a manner as to cause no material injury thereto;
and if they escape through his negligence he is liable for injury
occasioned thereby.

2. In an action against a railroad company for an injury to land occa-
sioned by accumulated surface water breaking through its road-
bed, mere failure of the company to construct culverts or drains
to permit the passage of surface water from the upper to the
lower side cannot be imputed as negligence, unless such disposi-
tion of the water would have been in substantial accord with its
natural flow.

3. Where a railroad company constructs a roadbed which it could
foresee would act as a dam to obstruct the passage of surface
water, it is its duty to construct it at such a place and in such a
manner as to withstand the waters which would accumulate
against it in all ordinary storms, so as to guard against all dam-
ages, which could be reasonably foreseen, to lower proprietors.

4. A complaint in such a case alleging that plaintiff's damage "was
caused solely by the negligent and unskilful manner in which said
roadbed was constructed, and by the obstruction of the natural
drains occasioned through the negligence and carelessness of said
defendant in the construction of said roadbed," is *held* sufficient,
as against a general demurrer, to show that defendant had failed
in such duty.

APPEAL from an order of the circuit court for St. Croix
county: E. B. BUNDY, Circuit Judge. *Affirmed.*

Appeal from an order overruling a demurrer to the com-
plaint. The complaint alleges that the defendant has con-
structed the roadbed of its railroad along the side of the
plaintiff's land at an elevation above the natural surface of
the ground of from four to eight feet; that the land on the

Wis.]                JANUARY TERM, 1897.                 449

Borchsenius vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

north or upper side of its roadbed and right of way is a
natural watershed for a large area, from which the waters,
in time of rains or melting snows, naturally come down to
defendant's roadbed, and, before the construction of the road-
bed, passed upon the lands below; that the roadbed formed
a dam or reservoir for such surface water, and prevented
its passage to the south side of the roadbed, and caused it
to accumulate in great quantity on the upper side of the
roadbed; that no gutters or other means for carrying off
such waters as should accumulate were provided; that during
a great storm of rain the defendant's roadbed gave way, op-
posite the plaintiff's land, and the pent-up waters broke
loose and passed over the plaintiff's land, carrying away
the top soil and greatly damaging the land; that the wash-
out and damage were caused solely by the negligent and
unskilful manner in which the roadbed had been constructed,
and by the obstruction which it caused to the natural drain-
age of the land. The defendant demurred to the complaint.
The trial court overruled the demurrer, and the defendant
appeals.

For the appellant there was a brief by *L. K. Luse,* attor-
ney, and *Thomas Wilson,* of counsel, and oral argument by
*Mr. Luse.*

*James A. Frear,* for the respondent, to the point that the
railroad company was liable for the damage occasioned by
the water breaking through its roadbed, cited *Sinai v. L.,
N. O. & T. R. Co.* 71 Miss. 547; *Galveston, H. & S. A. R.
Co. v. Parr,* 8 Tex. Civ. App. 280; *Sentman v. B. & O. R.
Co.* 78 Md. 222; *Kansas City, Ft. S. & M. R. Co. v. Cook,*
57 Ark. 387; *Texas & P. R. Co. v. Snyder,* 18 S. W. Rep.
559; *Ill. Cent. R. Co. v. Heisner,* 45 Ill. App. 143; *Bastable
v. Syracuse,* 8 Hun, 587; Gould, Waters, § 273; Thomp.
Neg. 1; *Lincoln & B. H. R. Co. v. Sutherland,* 44 Neb. 526;
*Jacobson v. Van Boening,* 48 id. 80; *Kearney v. Themanson,* id.
74; *Fletcher v. Rylands,* L. R. 1 Exch. 265; Cooley, Torts, 570.

Borchsenius vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

NEWMAN, J.   Surface water is recognized as a common enemy, which each proprietor may fight off or control as he will or is able, either by retention, diversion, repulsion, or altered transmission; so that no cause of action arises for such interference, even if some injury occurs, causing damage.   *Bowlsby v. Speer*, 31 N. J. Law, 351; *Pettigrew v. Evansville*, 25 Wis. 223; *Hoyt v. Hudson*, 27 Wis. 656; *Lessard v. Stram*, 62 Wis. 112; *Wendlandt v. Cavanaugh*, 85 Wis. 256.   This general rule is, however, limited by the exclusion from its application of the case of surface water which falls or accumulates on the proprietor's own land. He may repel such water from coming from his neighbor's land to his; but, such water being upon his land, he may not divert it or cause it to flow upon the land of another in unaccustomed volume, to his injury.   This limitation of the rule is stated in *Pettigrew v. Evansville, supra,* and *Hoyt v. Hudson, supra.*   It is said in *Pettigrew v. Evansville:* " It is the duty of every owner of land, if he wishes to carry off the surface water from his own land, to do so without material injury or detriment to the lands of his neighbors; and, if he cannot, he must suffer the inconvenience arising from its presence, and cannot complain that others refuse to allow it passage over their lands.   Such is the sound and wholesome doctrine upon this subject; and although it does not go so far as to require the owner to resort to any artificial means to prevent the surface water from his lands flowing on to the land of another, when such flowing is produced by natural causes, yet it will prevent him from using such means for the purpose of making it flow there whenever the same would be materially injurious to the proprietor thereof."   It is recognized that some latitude is given as to the manner in which owners of estates shall improve or change them, as regards surface waters, so that not every slight or immaterial change would afford ground for an action. This limitation of the general rule is stated in *Cairo & V.*

*R. Co. v. Stevens*, 73 Ind. 278, in these words: "Such waters as fall in rain or snow on his land, or come thereon by surface drainage from or over contiguous lands, he must keep within his boundaries, or permit them to flow off without artificial interference, unless within the limits of his land he can turn them into a natural watercourse."

To cast such accumulated waters purposely upon an adjoining proprietor is a direct injury, for which an action in trespass will lie. To permit them negligently, by means of artificial constructions, to become accumulated and discharged upon him in unusual quantities, to his injury, causing indirect and consequential damages, may render the negligent party liable for the damages caused, in an action on the case for negligence. Having permitted the surface waters to accumulate on its right of way, it then became the defendant's duty to either confine them there, or to transmit them to adjacent lands in such a manner as to cause no material injury to such lands. If they escaped through its negligence, it is liable.

It is not quite clear that the complaint states facts which show that the defendant was negligent in the construction of its roadbed. The negligence more particularly alleged and claimed was the absence of culverts or drains to permit the passage of the water through or under the roadbed from the upper to the lower side. It is not clear that this could be imputed as negligence, because it is not clear that to let surface water through culverts at that place would have been permissible. If that would let the water down upon adjacent proprietors at unaccustomed places and in unusual quantities, to their material injury, it would not be permissible, while if that disposition of the surface water would be in substantial accord with its natural flow it might be permissible. *Johnson v. C., St. P., M. & O. R. Co.* 80 Wis. 641. The complaint fails to state facts which show that the omission of culverts was negligence.

The complaint contains the general allegation that the plaintiff's damage "was caused solely by the negligent and unskilful manner in which said roadbed was constructed, and by the obstruction of the natural drains occasioned through the negligence and carelessness of said defendant in the construction of said roadbed." It was the duty of the defendant to construct its roadbed, which it could foresee would act as a dam to obstruct the passage of surface waters, at such a place and in such a firm and perfect manner as to withstand the waters which would accumulate against it in all ordinary storms, so as to guard against all damages, which could be reasonably foreseen, to lower proprietors. Perhaps this general allegation of the complaint is sufficient, as against a general demurrer, to show that the defendant had failed in this duty, however it might be held as against a motion on the ground of indefiniteness and uncertainty. It is considered that the complaint states a cause of action.

*By the Court.*— The order of the circuit court is affirmed.