Knapp, Appellant, vs. Town of Deer Creek, Respondent.

*December 11, 1915—January 11, 1916.*

*Ditches to permit natural drainage: Duty of towns, etc.: Enforcement in equity: Exclusive remedy: Action for damages: Filing of claim.*

1. Sec. 1388b, Stats. 1913 (relating to ditches, culverts, or other outlets to permit the natural drainage of low lands over which a highway or road grade shall be constructed), gives a new right to the landowner and declares the remedy for failure of the municipality or railway company to perform the duty thereby imposed; and the remedy so provided (viz. the recovery of damages) excludes any right of the landowner to resort to equity to compel the construction and maintenance of the ditches.

2. Failure of a town to perform the duty imposed upon it by said sec. 1388b does not constitute a nuisance against which equity will grant relief.

3. A claim for damages caused by failure to construct and maintain
   ditches, etc., as required by sec. 1388b, must be filed as pro-
   vided in sec. 824, before an action thereon can be maintained
   against a town.

APPEAL from an order of the municipal court of Outa-
gamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

The appeal is from an order sustaining a demurrer to the
complaint.

For the appellant there were briefs by *A. H. Krugmeier*
and *Morgan & Benton,* and oral argument by *John Morgan.*

For the respondent there was a brief by *Olen & Olen,* at-
torneys, and *P. H. Martin,* of counsel, and oral argument by
*Mr. Martin* and *Mr. O. L. Olen.*

TIMLIN, J.   The plaintiff brought this action against the
town to compel the latter by mandatory injunction to "con-
struct, provide and maintain the ditches, culverts or other
outlets" required by ch. 159, Laws 1913 (sec. 1388b, Stats.
1913). Demurrer was sustained because the complaint con-
tained no averment that the claim sued on had been presented
to the town board as required by sec. 824, Stats. 1913. The
plaintiff contends that the suit was properly planted in equity
to abate a nuisance under sec. 3180, Stats. 1913, and that
sec. 824 has therefore no application. Respondent meets
this with argument (1) there is nothing in the nature of a
nuisance; (2) the statute (sec. 1388b) confers a new right
and prescribes the remedy of an action for damages and this
remedy is therefore exclusive; (3) the statute is unconstitu-
tional in any event, (a) because it takes private property for
private purposes, (b) it takes property without due process
of law, (c) because it denies the equal protection of the law.
The statute is as follows:

"Section 1388b.   1. Whenever any town, city, village or
railway company shall . . . construct and maintain any
public highway or road grade through, over and across any
marsh, lowland or other natural depression over or through
which surface water naturally flows and percolates, and the

stopping of the said flow and percolation of said water by said highway or road grade causes any crop or land to be flooded, watersoaked or otherwise damaged, such town, city, village or railway company shall construct, provide and at all times maintain a sufficient ditch or ditches, culverts or other outlets to allow the free and unobstructed flow and percolation of said water from said lands, and to prevent said lands from becoming flooded, watersoaked or otherwise damaged by said water. Provided, however, that the foregoing shall not apply to public highways or road grades now or hereafter used to hold and retain water for cranberry purposes.

"2. Any town, city, village or railway company which shall fail to provide such necessary ditches or culverts or other outlets shall be liable for all damages caused by reason of such failure or neglect."

It is very apparent that this statute creates a duty to refrain from obstructing by a roadbed the flow or percolation of surface water and that in the absence of this statute no such duty existed. Some such duty did exist at common law where there was a defined watercourse. It is also apparent that such duty is due to the owner of the adjacent lands flooded, watersoaked, or otherwise damaged by failure to perform the duty. The statute also provides that in case of failure to conform to it the municipality shall be liable for all damages caused by such failure. We have therefore the case of a statute giving a new right to the adjacent landowner and declaring the remedy.

In *Saxville v. Bartlett,* 126 Wis. 655, 105 N. W. 1052, a statute imposing upon a son the duty to support his pauper parent and providing a remedy for failure so to do was held to lawfully take away the right of trial by jury on disputed questions of fact, no jury being permitted in the statute creating the obligation and prescribing the remedy. In *Hall v. Hinckley,* 32 Wis. 362, a similar statute was held to exclude the jurisdiction of equity. Chief Justice Dixon there said:

"It is a cardinal rule in the construction of statutes, that, where a new right has been given and a specific remedy pro-

vided by statute, the right can be vindicated in no other way than that prescribed by the statute. *Arnet v. Milwaukee M. Mut. Ins. Co.* 22 Wis. 516, and authorities cited. The statute under consideration gives a new right, and does prescribe a specific remedy for the enforcement of such right, and that remedy is wholly inconsistent with the supposition of jurisdiction in equity, or that the legislature intended any application of the equitable doctrine of equality among the lienholders. The remedy prescribed is by action at law, denominated in the statute 'personal action against the debtor, his executors or administrators.' "

This rule is recognized in 1 Pom. Eq. Jur. (3d ed.) § 281, as follows: "Whenever a legal right is wholly created by statute, and a legal remedy for its violation is also given by the same statute, a court of equity has no authority to interfere with its reliefs, even though the statutory remedy is difficult, uncertain, and incomplete," citing cases. See, also, Wisconsin cases collected in *State ex rel. Cook v. Houser,* 122 Wis. 534, 595, 100 N. W. 964. Perhaps the generality of the language in the foregoing quotations should be in some measure limited, but not to such a degree as to affect this case or as to permit the plaintiff to go into equity to vindicate the new right given by sec. 1388*b,* Stats., when the legal remedy there provided is so plain and sufficient. There is nothing to suggest that all the damages may not be recovered in one action, nor, with reference to pre-existing embankments, that damages should exceed the difference in market value of the area directly affected, with, and that area without, a practicable culvert or drain.

The failure of the defendant to perform the duty cast upon it by the statute in question cannot be said to be a nuisance unless every breach of legal duty constitutes a nuisance. The defendant has committed no unlawful act, and is charged with nonfeasance only. It has merely failed to do. Its failure damaged the adjacent proprietor, but created nothing threatening him or the public with personal discomfort or ill health. The statute looks only to the injury to the adjacent lands, and

the duty is cast upon the town "to prevent said lands from becoming flooded, watersoaked or otherwise damaged by said water." As was said in *Chicago & A. R. Co. v. Tranbarger,* 238 U. S. 67, 77, 35 Sup. Ct. 678, with reference to a similar statute: "The present regulation is for the prevention of damage attributable to the railroad embankment itself, and amounts merely to an application of the maxim *sic utere tuo ut alienum non lædas.*"

The case is one, therefore, in which a claim should have been presented under sec. 824, Stats. 1913. We do not find it necessary to pass upon the constitutionality of this act.

*By the Court.*—Order affirmed.