IN RE CONDEMNATION OF LANDS: ROJEWSKI, Appellant,
vs. JOINT SCHOOL DISTRICT No. 1 OF THE TOWNS OF
HIXON and others, ·Respondents.

*February 8—March 6, 1923.*

*Eminent domain: Inadequate damages: New trial.*

In an appeal by an owner from an award by the circuit court in
proceedings wherein his lands were condemned for school-
district purposes, a new trial is directed in the interests òf
justice, although the finding of the court may not be tech-
nically against the great weight or clear preponderance of
the evidence, as the purchase price of the property, the
amount of improvements placed thereon, and the fact that
there has been an appreciation of land values indicate that
the amount awarded is too small.

APPEAL from a judgment of the circuit court for Clark
county: JAMES O'NEILL, Circuit Judge. *Reversed.*

Condemnation. This is a proceeding brought by the re-
spondents under ch. 32, Stats., for the condemnation of
certain property owned by plaintiff situated in the village
of Owen, the property when condemned to be used for
school-district purposes. There was an award by the com-
missioners of $1,566.66⅔ damages. From this award there
was an appeal to the circuit court. A jury being waived the
case was tried by the court and the plaintiff was awarded a
judgment for $1,800 with costs. From this judgment the
plaintiff appeals.

The cause was submitted for the appellant on the brief of
*Dayton E. Cook* of Chippewa Falls, and for the respondents
on that of *Bert C. Bentley* of Owen.

ROSENBERRY, J. It appears without substantial dispute
that the plaintiff purchased the property in question in 1912
for $1,600; that it is located on the main street of the village
of Owen, directly across the street from the high school
building. In 1912 the plaintiff erected on the property a

building 24 x 24 feet square, twenty-two feet high. The upper part was used for living purposes and was lathed and plastered; the lower portion had hardwood floors, was fully ceiled with pine or basswood ceiling, and was constructed for use as a harness shop. The materials in the building cost between $1,100 and $1,200, the labor amounted to about $800. For some time after its construction the building rented for $24 a month. Plaintiff also constructed a concrete sidewalk at an expense of $240.50. There was testimony that three years prior to the condemnation proceeding plaintiff was offered $4,200 for the property. It appears from the testimony that Owen is a prosperous, active, business community; that property values have increased since 1912, estimates running from five to fifty per cent.

Witnesses on behalf of the defendant testified to the effect that the building had been damaged by fire; that the property in question was not worth to exceed $1,250; and that the property was worth not to exceed $1,400 or $1,500, which was the value of the lots, the building not being worth anything.

Consideration of the testimony in this case leaves us with a very distinct impression that justice has not been done the plaintiff. The cost of the property when purchased, the amount of improvements placed thereon, taken in connection with the fact that there has been an appreciation of land values, indicate that the amount awarded is too small. While it may not be said that the finding of the trial court is technically against the great weight or clear preponderance of the evidence, a careful review of the record convinces us that in the interests of justice there should be a new trial. Sec. 2405m, Stats.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.