JEWELL and others, Respondents, vs. WISCONSIN-MINNE-SOTA LIGHT & POWER COMPANY, Appellant. [Seven appeals.]

*May 3—June 5, 1923.*

*Eminent domain: Right of way for power line: Use: Right to cut fences: Duty to replace: Negligence: Excessive damages: New trial: Argument of counsel: Waiver.*

1. In a proceeding by a light and power company to condemn a right of way, opinion evidence as to the damage done to lands not taken is not conclusive upon the court.
2. Where the trial court feels that injustice has been done by the award, the verdict should be set aside and a new trial granted.
3. A light and power company which had a right of way over land in order to maintain its lines and make repairs has the right to cut or remove fences across the right of way which the farm owner may build or maintain over the strip as reasonably useful or necessary to him, but is required to restore them within a reasonable time or respond in damages for failure to do so.
4. Argument of counsel as to the burning of one of the company's poles with considerable noise and electrical display due to a short circuit, and using the incident as a means of enhancing the damages, is prejudicial error, the company not being liable in condemnation proceedings for negligence in the construction of its line.

5. Where plaintiff's counsel has waived his opening argument and defendant's counsel thereupon waives his, it is error to announce that plaintiff's counsel may close. Such closing argument must be in reply only, and there is nothing to reply to.

APPEALS from seven judgments of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Reversed.*

Proceedings for the condemnation of a right of way twelve feet wide over plaintiffs' lands were instituted by the defendant. The commissioners appointed by the court made an award to *Jewell* of $80; to *Erickson* of $101; to *Steele* of $203; to *Arnold* of $76; to *Olson* of $75; to *Monson* of $51; and to *Rosenow* of $101. The plaintiffs appealed from the award and by stipulation the appeals were tried in one action before the court and a jury.

The jury by a special verdict awarded damages as follows: To *Jewell* $983.52; to *Erickson* $800; to *Steele* $1,200; to *Arnold* $483; to *Olson* $950; to *Monson* $800; and to *Rosenow* $900. From separate judgments in favor of plaintiffs entered upon the special verdict the defendant appealed.

For the appellant there was a brief by *Linderman & Ramsdell* of Eau Claire, and oral argument by *G. O. Linderman.*

*R. B. Graves* of Sparta, for the respondents.

VINJE, C. J. It appears from the evidence that the *Jewell* farm consisted of 114 acres valued at from $8,500 to $18,000 and that the right of way crossed twenty-five rods thereof through the barnyard. It permitted of only one pole on the premises, and its location, it is claimed, will necessitate a relocation of the place for the strawstack. The *Erickson* farm contained ninety-three acres of the value of from $13,000 to $18,600. The right of way crossed eighty rods and five poles were permitted. The *Steele* farm contained 168 acres of the value of from $20,000 to $34,000. The right of way crossed 160 rods of cultivated land and

called for eight poles. . The *Arnold* farm contained 324 acres valued at from $20,000 to $25,000. The right of way crossed eighty rods of partly cultivated and partly low meadow land and called for five poles. The *Olson* farm had 154 acres valued at from $7,700 to $11,000. The right of way crossed it for 120 rods partly through low marsh land, partly through cultivated land, and partly through the barnyard and a pasture. Seven poles were called for. The *Monson* farm contained 160 acres valued at from $8,000 to $16,000. The right of way was eighty rods along the boundary line and called for five poles and crossed partly cultivated and partly pasture land. The *Rosenow* farm contained eighty acres valued at from $12,000 to $24,000. The right of way crossed eighty rods of cultivated land and called for four poles.

We have set out thus briefly the location and lengths of the rights of way and the value of the farms as the range of the evidence gave it in order to give a general idea of what the jury had to consider in awarding damages. It is true that there is opinion evidence as to the damage to the land not taken that will sustain the awards, but opinion evidence is not conclusive upon the court. *Bucher v. Wis. Cent. R. Co.* 139 Wis. 597, 120 N. W. 518; *Depow v. C. & N. W. R. Co.* 151 Wis. 109, 138 N. W. 42. This is especially so in a case where the value of such a well known and common subject as farm land is concerned. We regard the awards as very excessive, and the trial court should have set them aside and granted a new trial. In his opinion he says that in all except the *Arnold* case the damages are excessive, but that he cannot substitute his judgment for that of a jury and fix "an arbitrary figure as the limit which should be assessed." This he need not have done. If he felt, as he says in effect he did feel, that justice had not been done because of the excessive awards, he should have set aside the verdict and granted a new trial. *Rojewski v. Joint School Dist.* 180 Wis. 135, 192 N. W. 379.

We shall not attempt to state our reasons why the dam-

ages assessed are excessive further than to say that in our opinion they declare themselves such. Two things occurred upon the trial that in our opinion tended strongly to enhance the damages, both of which were errors. One was committed by the court and the other by plaintiffs' counsel , in spite of the court.

The court instructed the jury that "the defendant through its employees has the right at any time to go upon said strip of land whenever necessary for inspection, maintenance, and operation of said line, to cut down any fences that may be constructed across said right of way in order to enter thereon, without any responsibility for damages resulting therefrom." The defendant claims the court erred in stating that it could cut fences without any liability for resultant damage or duty to seasonably repair them when cut, while the plaintiffs claim that it could do so under its right to enter for construction and maintenance. The defendant does not get the fee to the right of way, but merely a qualified and specific use thereof, which it must exercise with as little injury to the owner as is reasonably necessary. *Lockie v. Mut. Union Tel. Co.* 103 Ill. 401. It may cut or remove fences across the right of way when that becomes necessary for erection or repairs, but it must restore such fences within a reasonable time and respond in damage caused by failure so to do. This of course applies only to such fences as the owner may build or maintain over the strip as reasonably useful and necessary to him.

It appears that some time previous to the trial of the cases, presumably through the negligence of the defendant, a short circuit was created, and a pole on one of the farms was burned and there was an unusual display of electrical fire and electrical explosions. Counsel for plaintiffs made much of this occurrence upon the oral argument and claimed that it should enhance the damages. The trial court in its decision upon a motion for a new trial speaks of it thus:

"The only ground which the court has for considering that the jury were in any measure influenced by passion or

prejudice is the fact that upon the trial plaintiffs' counsel made strenuous effort to get before the jury, and for their consideration, an incident as to a short circuit which occurred upon this line, causing a pole to burn with a great deal of noise and accompanying electrical display, and which he did succeed in getting before the jury, as well as his attempts in his arguments to influence the judgment of the jury by irrelevant and improper considerations, but which attempts the court endeavored to counteract by proper warnings as well as in the charge to the jury."

This showed that the trial court did what it could to minimize the damage done by plaintiffs' counsel, but we are of the opinion that the effect of this unwarranted argument could not be entirely neutralized by instructions to disregard it, and that the judgments must be reversed because of the conduct of counsel and the erroneous instruction of the court as to the right to cut fences without restoring them.

The defendant cannot be made to respond in damages in a condemnation proceeding for a right of way for negligence in the construction or maintenance of the line for which there is a distinct separate liability to the person injured. Only such elements of damage can be here considered as may reasonably be certain to flow from the construction and maintenance of the pole line in the exercise of ordinary care. The elements of damage include only such burdens as usually and ordinarily result from the construction and maintenance of the line when both are performed in the exercise of ordinary care. Negligence on the part of the defendant in construction or operation resulting in damage gives rise to a new and distinct liability to the person injured and cannot be made an element of damage in condemnation proceedings.

Counsel for plaintiffs waived his opening argument. Counsel for defendant stated he would waive his argument, whereupon he was informed by the court that plaintiffs' counsel would have the right to close. This was error. If defendant waives his argument there is nothing for plaintiff

to reply to.    His closing must be an argument in reply. *Brown v. Swineford,* 44 Wis. 282; 2 Ruling Case Law, 409. In this case defendant's counsel proceeded to argue the case upon being informed by the court that plaintiffs' counsel could close, which he did.    We do not say that the direction of the court, since the defendant's counsel did argue the case, was prejudicial error, but we call attention to the correct practice.

*By the Court.*—Judgments reversed, and causes remanded for a new trial.