LEININGER and others, Appellants, vs. COUNTY HIGHWAY COMMITTEE OF PIERCE COUNTY, Respondent.

*December 5, 1934—January 8, 1935.*

*W. G. Haddow* of Ellsworth, for the appellants.

For the respondent there was a brief by *White & White* of River Falls and *T. A. Waller,* district attorney of Pierce county, and oral argument by *Ferris M. White.*

WICKHEM, J.   At or about the time the county committee made its award to plaintiffs, the state highway commission took possession of plaintiffs' land and commenced construction of the new highway, this work being completed in Octo-

ber, 1933. The construction called for a fill in front and to the north of plaintiffs' buildings, four hundred feet long and thirty feet high. The fill is one hundred and forty feet from plaintiffs' barn and one hundred and seventy-eight feet from the dwelling-house. This resulted in putting plaintiffs' buildings in a depression or pocket, and it is contended that due to the topography of the land, the fill creates constant danger of flooding. On June 5, 1933, after the construction of the fill, which contained a culvert six feet in diameter and one hundred and sixty-seven feet long, surface-water backed up from the culvert and flowed into the barn on the premises. There is no stream of water running through the valley across which this fill was constructed, and the water involved is all surface-water caused by rains.

The first question involved is whether plaintiffs may recover in these proceedings not merely the value of the land taken for a right of way, and such damages as may result from the mere physical presence of a highway upon the land condemned, but whether plaintiffs may also recover for all damages created by the structure constituting the highway.

It is recognized in this state, with respect to condemnation of railroad rights of way, that plaintiff is entitled to damage for inconvenience, trouble, and danger of crossing the track with cattle, agricultural implements, exposure of grain and other property to fire, liability of horses to become frightened at passing trains, etc. *Snyder v. Western Union R. Co.* 25 Wis. 60; *Driver v. Western Union R. Co.* 32 Wis. 569; *Weyer v. Chicago, Wisconsin & Northern R. Co.* 68 Wis. 180, 31 N. W. 710. It is evident that damages are recoverable in condemnation proceedings for such impairment as results from the presence of a highway or railroad or power line on or adjacent to the remainder of plaintiff's property. These are the damages that result from the general character of the use to which the right of way is to be put, and are incident to the taking. It is equally well established in this state that damages based upon the negligent

or improper manner or design of construction cannot be assessed in condemnation proceedings. *Neilson v. Chicago, M. & N. W. R. Co.* 58 Wis. 516, 17 N. W. 310; *Jewell v. Wisconsin-Minnesota L. & P. Co.* 181 Wis. 56, 194 N. W. 31.

It is our conclusion that plaintiffs' damages are the result either, first, of negligent construction or design of the highway, in which case the damages are not recoverable in condemnation proceedings for the reason that they occur after the taking and not as an incident thereto, or, second, of diversion or interference with the flow of surface-water by defendant in its capacity as owner or possessor. In *Shaw v. Ward,* 131 Wis. 646, 111 N. W. 671, it was held that the owner of land, in order to secure or protect its reasonable use, may obstruct or divert surface-waters by embankments, ditches, drains, culverts, and other constructions, and may thereby turn back the water upon the lands of other owners, without liability. A municipal corporation, in the improvement of its streets and highways, has the same right, as established by numerous cases. *Harvie v. Caledonia,* 161 Wis. 314, 154 N. W. 383; *Peck v. Baraboo,* 141 Wis. 48, 122 N. W. 740; *Clauson v. Chicago & N. W. R. Co.* 106 Wis. 308, 82 N. W. 146; *Heth v. Fond du Lac,* 63 Wis. 228, 23 N. W. 495; *Waters v. Bay View,* 61 Wis. 642, 21 N. W. 811.

In 1913, sec. 88.38, Stats., was enacted. This section reads as follows:

"88.38 *Culverts and outlets to permit natural drainage.* (1) Whenever any county, town, city, village or railway company shall have heretofore constructed and now maintains or hereafter shall construct and maintain any public highway or road grade through, over and across any marsh, lowland or other natural depression over or through which surface water naturally flows and percolates, and the stopping of the said flow and percolation of said water by said highway or road grade causes any crop or land to be flooded, watersoaked or otherwise damaged, such county, town, city,

village or railway company shall construct, provide and at all times maintain a sufficient ditch or ditches, culverts or other outlets to allow the free and unobstructed flow and percolation of said water from said lands, and to prevent said lands from becoming flooded, watersoaked or otherwise damaged by said water. Provided, however, that the foregoing shall not apply to public highways or road grades now or hereafter used to hold and retain water for cranberry purposes.

"(2) Any county, town, city, village or railway company which shall fail to provide such necessary ditches or culverts or other outlets shall be liable for all damages caused by reason of such failure or neglect."

In construing this section the court, in *Knapp v. Deer Creek,* 162 Wis. 168, 155 N. W. 940, said:

"It is very apparent that this statute creates a duty to refrain from obstructing by a roadbed the flow or percolation of surface water and that in the absence of this statute no such duty existed. Some such duty did exist at common law where there was a defined watercourse. It is also apparent that such duty is due to the owner of the adjacent lands flooded, watersoaked, or otherwise damaged by failure to perform the duty. The statute also provides that in case of failure to conform to it the municipality shall be liable for all damages caused by such failure. We have therefore the case of a statute giving a new right to the adjacent landowner and declaring the remedy."

It is clear that the statute created a duty and liability that theretofore did not exist, and if plaintiff has a cause of action for obstruction of surface-water, it is by virtue of sec. 88.38. Since the interference or diversion, like the negligent design or construction, is not an incident to or consequence of the taking, and since the cause of action, if it exists, is wholly statutory and can only be vindicated by the specific remedy provided by the statute, plaintiffs' damages are not recoverable in condemnation proceedings. Since defendant does not question the propriety of awarding damages for obstruction to view, we express no opinion upon this point.

*By the Court.*—Judgment affirmed.