432

WATTERS and wife, Respondents, vs. NATIONAL DRIVE-IN, INC., Appellant.

*March 4—April 6, 1954.*

433

For the appellant there was a brief by *M. J. Levin,* attorney, and *Morton Gollin* of counsel, both of Milwaukee, and oral argument by *Mr. Gollin.*

For the respondents there was a brief and oral argument by *Clayton A. Cramer* of Waukesha.

MARTIN, J.   The characteristics of surface water and the law with respect to it are set forth in *Case v. Hoffman* (1893), 84 Wis. 438, 444, 54 N. W. 793:

"Surface water is such as its name indicates. It spreads over the *surface* of the ground. It has its origin most commonly in rains and melted snow. It may stand in swamps, or

it may percolate through or under the soil. It is as well defined, and the law applicable to it stated as well, in *Hoyt v. Hudson,* 27 Wis. 656, as in any case in the books. 'The doctrine of the common law,' says Chief Justice Dixon, 'is that there exists no such natural easement or servitude in favor of the owner of the superior or higher ground or fields as to mere surface water, or such as falls or accumulates by rain or the melting of snow; and that the proprietor of the inferior or lower tenement or estate, may, if he choose, lawfully obstruct or hinder the natural flow of such water thereon, and in so doing may turn the same back upon or off onto or over the lands of other proprietors, without liability for injuries ensuing from such obstruction or diversion.' Nearly the same language is used by the same learned chief justice in *Pettigrew v. Evansville,* 25 Wis. 223. It is further described as 'waters flowing in hollows or ravines, from rain or melting snow;' or, 'drainage over the land occasioned by unusual freshets or other extraordinary causes,' and are not permanent, but soon pass off or dry up when the cause ceases. *Fryer v. Warne,* 29 Wis. 511; *Eulrich v. Richter,* 37 Wis. 226; *Allen v. Chippewa Falls,* 52 Wis. 434; *O'Connor v. F. du L., A. & P. R. Co.* 52 Wis. 530; *Hanlin v. C. & N. W. R. Co.* 61 Wis. 515; *Lessard v. Stram,* 62 Wis. 112. 'Surface water lies upon or spreads over the surface, or percolates the soil, as in swamps, and does not flow in a particular channel.' 'The owner may expel surface water from his own land to that of another without wrong.' Gould, Waters, sec. 263. 'But one may do so only to protect himself, or to benefit his own land, but no further.' ''

In *Shaw v. Ward* (1907), 131 Wis. 646, 654, 111 N. W. 671, the court quoted with approval the following statement of the rule by the Massachusetts court in *Gannon v. Hargadon* (1865), 92 Mass. (10 Allen) 106, 109:

" 'The right of an owner of land to occupy and improve it in such manner and for such purposes as he may see fit, either by changing the surface or the erection of buildings or other structures thereon, is not restricted or modified by the fact that his own land is so situated with reference to that of adjoining owners that an alteration in the mode of its im-

provement or occupation in any portion of it will cause water, which may accumulate thereon by rains and snows falling on its surface or flowing onto it over the surface of adjacent lots, either to stand in unusual quantities on other adjacent lands, or pass into and over the same in greater quantities or in other directions than they were accustomed to flow.' "

and the following language used in *Borchsenius v. Chicago, St. P., M. & O. R. Co.* (1897), 96 Wis. 448, 450, 71 N. W. 884:

" 'Surface water is recognized as a common enemy, which each proprietor may fight off or control as he will or is able, either by retention, diversion, repulsion, or altered transmission; so that no cause of action arises for such interference, even if some injury occurs, causing damage.' "

It is pointed out in the *Shaw Case* that the general rule has its limitation, as declared in *Pettigrew v. Evansville* (1870), 25 Wis. 223, that one landowner may not collect surface water on his premises in a reservoir and then discharge it directly onto the land of another to his injury; but (*Shaw v. Ward*, p. 655):

"The mere change of the surface of one's premises where reasonably necessary to cause surface water to flow therefrom by the natural course of drainage, even to the extent of causing it to pass onto adjoining premises in a ditch, is not understood to be the accumulation of water and casting it upon adjoining land within the doctrine of *Pettigrew v. Evansville*, . . ."

This rule has been followed and quoted with approval in *Leininger v. County Highway Committee* (1935), 217 Wis. 61, 258 N. W. 368, and in *Freeman v. Lake Mills* (1943), 243 Wis. 537, 11 N. W. (2d) 181. Under the established law of this state the plaintiffs have no cause of action for damages caused by drainage of surface waters, either because of the installation of tile drains or by changing the natural flow of such waters.

It may be that the plaintiffs have a cause of action as to damages resulting from the flow of effluent from the defendant's sewage-disposal system, but the complaint fails to state the necessary facts with any degree of clarity. As pointed out in *Dishneau v. Newton* (1895), 91 Wis. 199, 203, 64 N. W. 879, it is necessary that the pleader make a plain and concise statement of the facts constituting the cause of action so that they may be understood by defendant, court, and jury. Sec. 263.27, Stats., directs that pleadings be liberally construed "with a view to substantial justice between the parties." In our opinion the ends of substantial justice in this instance will be better served by allowing plaintiffs to plead over with respect to damages allegedly caused by the drainage of effluent.

*By the Court.*—Order reversed and cause remanded with instructions to sustain the demurrer.