STOCKSTAD and others, Respondents, v. TOWN OF RUTLAND, Appellant.

*November 4—December 1, 1959.*

For the appellant there was a brief by *Harry D. Clarke* of Stoughton, and *Frederick F. Hillyer* of Madison, and oral argument by *Mr. Hillyer*.

For the respondents there was a brief and oral argument by *A. E. Simonson* of Madison.

MARTIN, C. J. The amended complaint alleges as a first cause of action that Janet, Karen, Milla, and Harley Stockstad are minors residing with their father, Joseph Stockstad, within the defendant township, and:

"3. That on or about the 30th day of March, 1946, the town board did duly authorize and did have improved, a certain town road abutting the premises owned by and resided upon by Joseph Stockstad and his family; that the town board and its agents during the course of improving said road, raised a grade thereof and removed a culvert, thereby closing a pre-existing waterway and converting the course of the waterway over the premises owned by and resided upon by Joseph Stockstad and his family, thereby causing a certain deep well to be contaminated; *said con-*

*tamination arose through the periodic flooding of the lands by reason of the closed waterway from the date the town road was improved and from such periodic contamination, the plaintiffs herein, as a result of drinking said contaminated water, became ill with trench mouth, mouth sores, and dysentery, intermittently from the dates of 1946 to the present, and more particularly the plaintiffs were ill during the years 1954 and 1955;* said illnesses caused them great pain, suffering, and embarrassment during the period of their illnesses.

"4. That the aforesaid incidents and resulting injuries to the plaintiffs were caused solely and proximately by the creation of a continuing nuisance through the statutory violation of the town board in particular said violation being that of the provisions contained in sec. 88.38 of the Wisconsin statutes:

" '88.38 CULVERTS AND OUTLETS TO PERMIT NATURAL DRAINAGE. (1) Whenever any county, town, city, village, or railway company shall have heretofore constructed and now maintains or hereafter shall construct and maintain any public highway or road grade through, over, and across any marsh, lowland, or other natural depression over, or through which surface water naturally flows and percolates, and the stopping of the said flow and percolation of said water by said highway or road grade causes any crop or land to be flooded, water-soaked, or otherwise damaged, such county, town, city, village, or railway company shall construct, provide, and at all times maintain a sufficient ditch or ditches, culverts, or other outlets to allow the free and unobstructed flow and percolation of said water from said lands, and to prevent said lands from becoming flooded, water-soaked, or otherwise damaged by said water. Provided, however, that the foregoing shall not apply to public highways or road grades now or hereafter used to hold and retain water for cranberry purposes.

" '(2) Any county, town, city, village, or railway company which shall fail to provide such necessary ditches or culverts or other outlets shall be liable for all damages caused by reason of such failure or neglect.' "

The trial court held, in effect, that the complaint states a cause of action under sec. 88.38, Stats. With this view we cannot agree. Under the holding of *Knapp v. Deer Creek* (1916), 162 Wis. 168, 171, 155 N. W. 940, this statute "looks only to the injury to the adjacent lands." It follows that there is no cause of action for personal injuries under sec. 88.38.

We hold, however, that the complaint states facts sufficient to constitute a cause of action based on nuisance. In paragraph 4 plaintiffs allege that the contamination of the well and their illnesses caused by drinking the contaminated water "were caused solely and proximately by the creation of a *continuing nuisance* through the statutory violation of the town board in particular said violation being that of the provisions contained in sec. 88.38 . . ." We are fully aware that this language could be construed as an attempt by the plaintiffs to recover for their injuries under the statute. However, the rule is that as against demurrer, the allegations of a complaint must be construed liberally and favorably to the plaintiff. See 14 Callaghan's Wis. Dig., Pleadings, p. 187 *et seq.,* sec. 39.

Plaintiffs' allegations, in paragraph 3, of the defendant's acts and omissions, the resulting flooding and contamination of the well, together with the injuries suffered by the plaintiffs from using the well water, are sufficiently set forth. The allegation of paragraph 4 is that the conditions complained of (*i.e.,* physical conditions) were caused by the creation of a continuing nuisance. Reference to violation of sec. 88.38, Stats., is mere surplusage, serving the purpose only of enlarging the description of defendant's acts which produced the nuisance and pointing up the duties imposed by law upon the defendant in the construction and maintenance of highways.

In making the improvements to the road the town was acting in a proprietary capacity as to the plaintiffs. In

*Matson v. Dane County* (1920), 172 Wis. 522, 527, 179 N. W. 774, quoting from *Bunker v. Hudson* (1904), 122 Wis. 43, 54, 99 N. W. 448, this court emphasized the distinction as follows:

" 'In grading the street the city was doing one of the things which, as a municipal corporation, it was authorized to do. That work was done in an improper or negligent manner, so as to invade the rights of the plaintiffs, not as a member of the public, *but as adjoining proprietors. Toward them the city's act was not governmental, but proprietary.* For proximate damages thus caused liability results according to principle, and without conflict of authority.' Citing cases of this court on page 54."

It was also said in the *Matson Case* (p. 526):

"The claim of the county rests on the proposition that what the county's officers and agents may do in discharge of its duty in maintaining a public highway are acts in discharge of its governmental duty and the law imposes no legal liability for the injuries or damages caused thereby, regardless of the manner in which such duty is performed, unless the legislature has created a liability in such cases. The proposition asserted as controlling in this case is not sustained by the adjudications in this court. In the case of *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420, this court, in speaking of the doctrine of nonliability of a city in its discharge of a governmental function, states:

" 'We do not lose sight of the fact that there is another principle frequently approved by this court, namely, that a municipal corporation may not construct or maintain a nuisance in the street or upon its property to the damage of another, or *negligently* turn water or sewage upon the lands of another, without liability.' *Gilluly v. Madison,* 63 Wis. 518, 24 N. W. 137; *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407; *Schroeder v. Baraboo,* 93 Wis. 95, 67 N. W. 27.

"These cases all go upon the principle that the city cannot, in the management of its corporate property, create a nuisance injurious to the property or the rights of others."

Since the complaint here can be interpreted as stating a cause of action grounded in nuisance, for which the municipality is liable under the common law, the fact that no cause of action for personal injury is created by sec. 88.38, Stats., is immaterial.

Defendant contends that the complaint shows a failure to comply with the notice requirements of sec. 330.19 (5), Stats. 1945, and that such failure bars recovery on the first cause of action. Since the matter is here on demurrer we will not pass upon this question. We have in this complaint the allegation of a "continuing nuisance." It is well settled that every continuance of a nuisance is in law a new nuisance and gives rise to a new cause of action. As pointed out by the trial court in its opinion, it may be that after all the evidence is in some of the claimed injuries will be barred. It will be for the trial court, when the proofs are in, to determine what is barred by statute and what is not.

Plaintiff-respondents' failure to brief the questions involved on this appeal compels the court to disallow costs. The parties will pay their own costs in this court.

*By the Court.*—Order affirmed.