Edward G. PRUIM, an individual, Plaintiff-Respondent,

v.

TOWN OF ASHFORD, a township, Defendant-Appellant.

Court of Appeals

*No. 91-1444. Submitted on briefs February 7, 1992.—Decided March 4, 1992.*

(Also reported in 483 N.W.2d 242.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rick E. Hills* of *Hills & Hicks, S.C.* of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Scott C. Beightol* of *Michael, Best & Friedrich* of Milwaukee.

Before Nettesheim, P.J., Brown and Snyder, JJ.

BROWN, J. The two issues in this case relate to sec. 88.87, Stats., the statute addressing a property owner's right to sue the government for flooding or water damage due to faulty construction or repair of highways. The first issue is whether the statute preempts claims for relief other than those stated in the statute. We hold that it does. The second issue is whether the ninety-day notice provision means ninety days from the date the damage is first discovered or whether the ninety-day period begins every day that the damage continues. We hold that it is ninety days from the date first discovered.

On March 13, 1990, a heavy rainstorm washed out a culvert and road shoulder adjacent to property owned by Edward G. Pruim. On March 14 and 15, the town of Ashford performed repair work on the culvert and shoulder. On April 2, Pruim appeared at a town board meeting and complained about the damage that had occurred on March 13. At that meeting, Pruim threatened to sue the town. On August 7, counsel for Pruim submitted a notice of claim for this matter.

A circuit court action was commenced on February 5, 1991, alleging, *inter alia,* that the town negligently constructed and maintained the shoulder. In an amended complaint, Pruim alleged that the negligently constructed and maintained culvert entitled him to "equitable relief" pursuant to sec. 88.87, Stats. In a second cause of action, he averred that the negligent construction and maintenance continue to cause erosion to his property, had caused the creation of a channel of water, and had caused the creation of a pond of water at the base of the culvert. He identified this as a continuing nuisance and sought to recover the costs incurred by him in hiring a private contractor to repair the area.

The town sought to defeat Pruim's action on alternative grounds. It moved to dismiss the action as barred

117

by sec. 88.87, Stats. It also moved for summary judgment on the ground that Pruim did not file a timely notice of claim. The trial court denied both motions and the town filed a petition for leave to appeal the nonfinal order. We granted discretionary review.

The issues before us concern whether the statute preempts common law claims for relief and when the ninety-day notice of claim period set forth in the statute begins to run. Both issues require us to interpret sec. 88.87, Stats. Statutory interpretation is a question of law. *Town of Sheboygan v. City of Sheboygan,* 150 Wis. 2d 210, 212, 441 N.W.2d 752, 753 (Ct. App. 1989). We review the statute *de novo,* without deference to the trial court. *Id.*

It is not every occasion where the legislature sets forth the intent of the statute within the statute itself. However, this is such a case. Section 88.87(1), Stats., states, in part, as follows:

> It is recognized that the construction of highways . . . must inevitably result in some interruption of and changes in the preexisting natural flow of surface waters . . .. *The legislature finds that it is necessary to control and regulate the construction and drainage of all highways . . . so as to protect property owners from damage to lands caused by unreasonable diversion or retention of surface waters due to a highway . . ..* [Emphasis added.]

By this section, the legislature has commanded that it will "control and regulate" the protection of property owners.

In exercising its "control" and "regulation," the legislature explained exactly how property owners could act

118

to protect themselves. In sec. 88.87(2)(c), Stats., the legislature wrote in pertinent part:

> Whenever any . . . town . . . constructs and maintains a highway . . . not in accordance . . . any property owner damaged thereby may, within 90 days *after the alleged damage occurred,* file a claim with the appropriate governmental agency . . .. If the agency . . . denies the claim or fails to take any action within 90 days after the filing of the claim, the property owner may bring an action in inverse condemnation under ch. 32 or sue for such other relief, *other than damages, as may be just and equitable.* [Emphasis added.]

The statute is unambiguous. The notice of claim must be made within ninety days after the damage occurred and is discovered, and the claims for relief are limited to inverse condemnation or any sort of equitable relief short of damages.

Pruim's first claim for relief asks for equitable relief under sec. 88.87, Stats. The form of equitable relief that he seeks is that the court order an independent engineering evaluation of the culvert, and if necessary, all necessary repairs to the culvert to ensure against future washouts of the culvert. He is not asking for the court to assess damages to his property. His request is equitable in nature. Provided that he has satisfied the ninety-day notice provision of sec. 88.87, the first claim for relief comes within the purview of the statute. We will discuss the ninety-day notice issue in its turn.

The second claim for relief is to request payment for hiring a professional contractor to repair the damage to his property. In other words, Pruim is asking for damages. He asks for this under the guise of a common-law

nuisance action. Although he acknowledges that sec. 88.87, Stats., does not allow this claim for relief, he argues that the statute was not meant to preempt his common-law claims. He looks at the statute as a mere additional remedy, statutorily provided by the legislature, to act as an adjunct to common-law remedies like the nuisance action.

Pruim bases his argument on *Stockstad v. Town of Rutland,* 8 Wis. 2d 528, 99 N.W.2d 813 (1959). In that case, the plaintiffs alleged that the town's reconstruction of a road contaminated the family's deep water well, creating a continuing nuisance in violation of sec. 88.38, Stats. (1953–54). *Stockstad,* 8 Wis. 2d at 530, 99 N.W.2d at 815. The court allowed the case to survive the demurrer stage. The court acknowledged that sec. 88.38 would permit a landowner to sue for damage inflicted on his or her land, but concluded that the statute did not authorize a cause of action for personal injury. *Stockstad,* 8 Wis. 2d at 532, 99 N.W.2d at 815. The court held, however, that the plaintiffs could pursue a nuisance claim, even though the complaint "could be construed as an attempt by the plaintiffs to recover for their injuries under the statute [sec. 88.38]." *Id.* at 532, 99 N.W.2d at 816.

The *Stockstad* case might well be controlling if the underlying statute had not been repealed and recreated. *Stockstad* involved sec. 88.38, Stats. (1953–54), whose provisions were expressly repealed and recreated as sec. 88.87, Stats., the section applicable to this case. *See* secs. 1 and 2, ch. 572, Laws of 1963. Section 88.38 did not preclude a landowner suing for damages for injury sustained by his or her land. *See Stockstad,* 8 Wis. 2d at 532, 99 N.W.2d at 815. *Stockstad* effectively allowed the plaintiffs to sue for personal injury caused by the town's action, under the guise of a nuisance claim, despite the

preclusion of a personal injury cause of action under the statute. *Id.*

Within four years after *Stockstad*, the legislature amended the applicable statute to expressly preclude an action for damages. It may well be just coincidence, but the effect of the statute has been to overrule *Stockstad.* The committee comments seem to bear that out. In pertinent part, the comments read:

> This section is a consolidation and revision of ss. 88.38 and 88.40. *It makes several changes in the law* . . .. It repeals the provisions which, under s. 88.38(1), gave the landowner a right to bring repeated actions for damages for flooding or water-soaking of lands located on the upper side of the highway . . .. *Instead, the landowner is required either to sue for equitable relief or to bring an action of inverse condemnation to recover compensation for the taking of the land by flooding or water-soaking.* [Emphasis added.]

Legislative Council Committee Comment, 1963, Wis. Stat. Ann. sec. 88.87 (West 1990).

Pruim seizes upon the committee's comments as proof that the legislature did not mean to overrule *Stockstad.* Pruim argues that the intent of the legislature was only to stop "repeated" claims for damages, not to stop claims for damages altogether. There are three problems with Pruim's logic. First, the comment expressly restricts the kinds of claims that can be made. Second, common law nuisance is a claim which, by its very nature, can be used continuously. As stated by the *Stockstad* court, "[i]t is well settled that every continuance of a nuisance is in law a new nuisance and gives rise to a new cause of action." *Stockstad,* 8 Wis. 2d at 534, 99 N.W.2d at 817. Obviously, the committee had common law nuisance on its collective mind when it wrote this comment saying that it was doing away with the right to

bring those actions which can be repeated. Third, the statute does *not* take away the right to damages altogether, but rather the repetitious type of actions. The property owner may still seek compensation, but it must be done under the guise of an inverse condemnation proceeding.

■■

We conclude that the legislature decided to regulate and control strictly the types of claims that may be made by property owners against governmental entities regarding highway construction and repair. Common law nuisance actions are not allowed. The statute clearly and unambiguously forbids it. The trial court should have dismissed this claim for relief. We reverse the court's decision to the contrary and remand with directions to dismiss the claim.

Still to be decided is the first claim for relief regarding the request that an engineering study be conducted on the culvert and necessary repairs of the culvert be made. Although it is a proper claim for relief under sec. 88.87, Stats., because of its equitable nature, the town contends that the notice of claim was made beyond the ninety-day period. Because it is undisputed that Pruim discovered the damage right after the heavy rainstorm of March 13, 1990, the town claims that he had ninety days from that date to file the notice of claim.

Pruim responds that this was not a static, one-time occurrence. Rather, this case involves a series of continuing events, *i.e.,* various rainstorms that caused continuing damage to his property. He argues that the essence of the continuing nuisance case is continuing damage.

■■

By this argument, he has made the town's point. A common law nuisance is a continuing type of damage always giving rise to a new cause of action. *Stockstad*

said just that. Four years later, the legislature deemed to cut off those "repeated actions." We have no hesitancy in concluding that the ninety-day provision did not contemplate allowing a new cause of action each day the damage continues. To the contrary, the statute contemplates the opposite. We read the statute to say that when the damage is first discovered, the time begins to run. To read it any other way would be contrary to the unambiguous language of the statute and clearly contrary to the intent expressed by the committee.

The trial court denied summary judgment on this claim for relief. We reverse and remand with directions that summary judgment be granted in favor of the town.

*By the Court.*—Order reversed and cause remanded with directions.